IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, MUTUAL AID FUND TRUST,<br><br>　　　Plaintiffs,<br><br>　　vs.<br><br>GARY RODRIGUES,<br><br>　　　Defendant. | CIVIL NO. CV03-00598 DAE LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

A. *Introduction*

Plaintiff UPW Mutual Aid Fund seek a three month continuance of the trial in order to allow time to take the deposition of a Florida witness, Albert Hewitt.

B. *Statement of the Case*

The UPW Mutual Aid Fund is an employee welfare benefit fund under ERISA. It is a voluntary contribution plan that provides hospitalization benefits for participating UPW members and their dependents.

The UPW Mutual Aid Fund claims that Defendant Gary Rodrigues, while he was the Plan Administrator of the Fund, breached his fiduciary duties by imprudently

and without adequate due diligence causing the Fund to make $1.1 million in unsecured loans to a risky, small, under-capitalized, start-up company in Florida called Best Rescue Systems, Inc., a company that wanted to manufacture high-rise building fire rescue systems. Best Rescue failed to repay the loans and the Fund lost $1.1 million plus interest. Mr. Rodrigues arranged the loans through an investment advisor, Albert Hewitt, who received a finder's fee of approximately $55,000 in connection with the loans.

C.  ***Continuance Needed to Take Albert Hewitt's Deposition***

Prosecution of this civil case involving the Best Rescue investment was effectively stayed for over two years and the civil trial previously continued twice because Mr. Hewitt, a key witness, was facing criminal charges in connection with the Best Rescue investment in a parallel criminal case, USA v. Hewitt, CR No. 03-592. Mr. Hewitt did not want to testify pending the outcome of his criminal case. Mr. Hewitt ultimately entered a guilty plea and Judge Mollway sentenced him to serve 75 days in prison, among other things. Mr. Hewitt was released from prison in or about May 2006.

Before and after Mr. Hewitt served his prison time, Mr. Hewitt told Plaintiff's counsel that he would cooperate to appear for his deposition. In fact, he twice agreed to appear on designated deposition dates, but the dates had to be rescheduled each time due to Mr. Rodrigues' counsel's unavailability. Recently, on September

21, 2006, when trying to reschedule Mr. Hewitt's deposition for the third time, Mr. Hewitt informed Plaintiff's counsel for the first time that he was unwilling to cooperate or to voluntarily appear for his deposition. Plaintiff now needs to locate and serve a subpoena upon Mr. Hewitt to compel him to appear for his deposition in Orlando, Florida, his current place of residence.

In addition, a secondary reason supporting the requested continuance is that the parties reasonably anticipated, when re-setting to the current trial date, that Mr. Rodrigues' appeal of his criminal conviction relating to his duties at UPW would have been decided by the time of trial. To date, Mr. Rodrigues' criminal appeal remains pending. Although Mr. Rodrigues' criminal case does not involve the Best Rescue investment, there are some general issues and themes relating to Mr. Rodrigues' power and authority at UPW that overlap with and are common to both this civil case and Mr. Rodrigues' criminal case. Having this civil trial after the decision in Mr. Rodrigues' criminal appeal may eliminate possible appellate issues concerning the permissible scope of the cross-examination of Mr. Rodrigues.

D. *Conclusion*

For the above reasons, a three (3) month continuance is respectfully requested to allow sufficient time to serve a subpoena upon Mr. Hewitt, to take his deposition, and then to prepare for trial accordingly.

-4-

DATED: Honolulu, Hawaii, September 26, 2006.

_____
CHARLES A. PRICE
JAMES E. T. KOSHIBA
Attorneys for Plaintiff