ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ               1412
LAWRENCE I. KAWASAKI   5820
RONALD N.W.  KIM         8306
820 Mililani Street
Suite 714
Honolulu, Hawaii 96813
Telephone No.:     (808) 533-7434
Facsimile No.:     (808) 545-3608

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED PUBLIC WORKERS,<br>AFSCME LOCAL 646, AFL-CIO,<br>MUTUAL AID FUND TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>GARY W. RODRIGUES,<br><br>Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 03-00598 DAE/LEK<br><br>DEFENDANT GARY W.<br>RODRIGUES' PRETRIAL<br>STATEMENT; CERTIFICATE<br>OF SERVICE<br><br>Conference: January 2, 2007<br>9:00 a.m.<br>Mag. Kobayashi<br><br>(Trial: February 13, 2007) |

DEFENDANT GARY W. RODRIGUES'
PRETRIAL STATEMENT

Defendant Gary W. Rodrigues, by and through his undersigned attorneys,

hereby submits his Pretrial Statement pursuant to Local Rule 16.6, Rules of the

United States District Court for the District of Hawaii.

I.    <u>Jurisdiction and Venue</u>

Jurisdiction and venue are appropriate, as currently alleged, since the

Plaintiff operates pursuant to federal law and all of the Defendant's relevant acts

or omissions took place in Hawaii – subject, however, to the addition of certain

indispensable parties who may not be amenable to jurisdiction in the District of

Hawaii.

II.   <u>Substance of the Action</u>

In approximately 1991, the trustees of the United Public Workers Pension

Fund and the Mutual Aid Fund Trust ("Mutual Aid Fund")  retained a financial

advisor named Albert A. Hewitt to recommend and handle investments for both

the union pension fund and the Mutual Aid Fund.  When he was first hired Mr.

Hewitt was affiliated with Smith Barney, a well known and highly reputable

securities and investment firm, and came well recommended to the UPW on the

basis for his investment services to other entities in Hawaii and elsewhere.  Mr.

Hewitt submitted regular reports to the boards of the pension fund and the Mutual

Aid Fund, and both his activities and his continued retention were scrutinized and

regularly authorized by the trustees of both the pension fund and the Mutual Aid

Fund.

At some point Mr. Hewitt recommended certain investments of trust monies

2

in a Florida business that manufactures and markets safety equipment utilized by firefighters. The investments were duly authorized and approved by the trustees of the Mutual Aid Fund. Subsequently, when the Florida company appeared to be struggling and the UPW received information that Mr. Hewitt's advice may have been tainted by his own business interests, the trustees authorized the hiring of lawyyers to file and pursue litigation in Florida against both the company and Mr. Hewitt. The current status of that litigation is unknown to Defendant Rodrigues.

Although Defendant Rodrigues was not a trustee who voted for and approved the hiring of Mr. Hewitt and/or the investments that were entrusted to Mr. Hewitt, Plaintiff has brought this suit against Mr. Rodrigues alleging unspecified breaches of his fiduciary duties owed to the Mutual Aid Fund.

III.    Undisputed Facts

    A.    Plaintiff United Public Workers, AFSME Local 646, AFL-CIO, Mutual Aid Fund Trust is an employee welfare benefit fund under ERISA.

    B.    The Mutual Aid Fund is administered in the District of Hawaii.

    C.    Defendant Rodrigues resides in the District of Hawaii.

    D.    Defendant Rodrigues served as Plan Administrator of the Mutual Aid Fund, and was not a Trustee or a voting member of the Board of Trustees.

    E.    This Court has personal jurisdiction over Defendant Rodrigues.

F.    Best Rescue Systems, Inc. ceased all interest payments on its loans from Mutual Aid Fund in September, 1999, thus defaulting under the terms of their promissory notes.

IV.    <u>Disputed Facts</u>

All other material facts alleged in the Complaint are disputed.

V.    <u>Relief Sought</u>

Plaintiff seeks judgment for all losses resulting from Defendant Rodrigues' alleged breaches of his ERISA fiduciary duties, and their attorneys fees and costs.

VI.    <u>Previous Motions</u>

Defendant's motion to dismiss the instant action filed January 16, 2004 was denied by the Court on April 6, 2004.

VII.    <u>Witnesses, Exhibits, Discovery</u>

To date no discovery has been done.  Although Defendant understands that Mr. Hewitt was released from incarceration this past summer, due to scheduling conflicts at that time, Mr. Hewitt's deposition could not be scheduled before he returned to his home in Florida.  As Defendant's financial resources are limited and at least as many as seven (7) trustees of the Mutual Aid Fund were involved in transaction/s with Mutual Aid Fund, and as many as seven (7) others served as trustees after Defendant Rodrigues was replaced as Administrator of the Mutual Aid Fund, Mr. Hewitt's deposition is critical to determining what additional

4

discovery, if any, Defendant will need to prepare for trial.

Accordingly, Defendant Rodrigues will be moving to continue the trial and extend discovery in this action.

VIII.  Trial

A non-jury trial of this matter is currently scheduled to commence on February 13, 2007.

Dated:  Honolulu, Hawaii, December 26, 2006.


/s/ Eric A. Seitz
ERIC A. SEITZ
LAWRENCE I. KAWASAKI
RONALD N.W. KIM

Attorneys for Defendant
Gary W. Rodrigues

5

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served this date electronically via CM/ECF upon the following at the address listed below:

JAMES E.T. KOSHIBA, ESQ.
CHARLES A. PRICE, ESQ.
KOSHI BA, AGENA & KUBOTA
2600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
E-mail: cprice@koshibalaw.com

Dated:   Honolulu, Hawaii, December 26, 2006.


/s/ Eric A. Seitz
ERIC A. SEITZ