IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| UNITED PUBLIC WORKERS, | ) | CIVIL NO. 03-00598 DAE/LEK |
| AFSCME LOCAL 646, AFL-CIO, | ) | |
| MUTUAL AID FUND TRUST, | ) | |
| | ) | MEMORANDUM IN SUPPORT |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY W. RODRIGUES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT

I.    Undisputed Facts

In the instant action Plaintiff United Public Workers, AFSME Local 646,

AFL-CIO, Mutual Aid Fund Trust (hereinafter "Mutual Aid Fund") seeks an

award of money damages exclusively against Defendant Gary W. Rodrigues

(hereinafter "Rodrigues") for "all losses to the Mutual Aid Fund resulting from"

certain "loans" made by the Mutual Aid Fund to Best Rescue Systems, Inc.

(hereinafter "Best Rescue Systems").  All of the claims herein are brought under

the "Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.

§1001 et seq. (hereinafter "ERISA")."  Complaint filed herein on October 23,

2003.  Accordingly, the claims herein are based entirely on Mutual Aid Fund's

claim that Defendant was a "fiduciary" by virtue of its allegation that Rodrigues "was at all times the Plan Administrator and Chairman of the Board of Trustees of the Mutual Aid Fund." ¶2, Complaint filed herein on October 31, 2003.

Defendant answered the complaint admitting that he served as "Plan Administrator" of the Mutual Aid Fund Trust and denying that he ever served as trustee, i.e., "Chairman of the Board of Trustees," during the period in which the alleged "loans" were made by the Mutual Aid Fund Trust to Best Rescue. ¶(4), Defendant's Answer to Complaint filed herein on April 13, 2004 .

On January 16, 2004 Rodrigues moved to dismiss the instant action, in relevant part, based on Rodrigues undisputed claim that all of the investment decisions which form the bases for the claims herein were made by the duly authorized Trustees and/or officers and Executive Board  members of UPW, not by him.  ¶7,  Affidavit of Gary W. Rodrigues, attached to Defendant Rodrigues' Motion to Dismiss filed January 16, 2004.

At that point the MutualAid Fund abandoned its claim that Rodrigues ever acted as "Chairman of the Board of Trustees of the Mutual Aid Fund" in connection with any of the breaches alleged herein, and for the first time alleged that "[N]ormally, the UPW State Director serves as the Mutual Aid Fund's Plan Administrator and various union officers or board members serve as trustees on

2

the Mutual Aid Fund's board of trustees.  During the period of the administratorship, the UPW Administrator served in these capacities and controlled the Mutual Aid Fund."  Plaintiff's Memorandum in Opposition to Defendant Gary W. Rodrigues' Motion to Dismiss, filed January 16, 2004, at p. 3.

By order filed April 6, 2004, this Court denied Rodrigues' motion to dismiss on the grounds that there were issues of material fact which the court could not resolve "at this stage," without more evidence.  Order Denying Defendant's Motion to Dismiss Treated as a Motion for Summary Judgment, filed April 6, 2004.

Due to delays in the litigation of certain claims against Albert Hewitt arising from his involvement in the subject investments with Best Rescue, trial has been rescheduled several times and is now set for August 28, 2007 with the discovery deadline of June 29, 2007.  Amended Rule 16 Scheduling Order filed herein on January 17, 2007.  As of this date the only discovery conducted is the deposition testimony of Albert Hewitt taken via telephone on Tuesday, March 6, 2007.

At his deposition, Mr. Hewitt, in relevant part, testified that although he only knew Rodrigues as the "administrator" of the Mutual Aid Trust Fund, he assumed that Rodrigues was authorized to make investment decisions for the Fund

although Rodrigues; (1) never represented to him that he had such authorization;

(2) he admittedly never talked to Rodrigues about it; and (3) he has no knowledge

of by whom or through what process such authorization may have been given to

Rodrigues. See, Transcript of Deposition of Albert Hewitt taken on March 6,

2007, at pp. 30, 72-73, Exhibit 3, attached to Defendant's Concise Statement of

Material Facts.

II.    Standard of Review

Summary judgment shall be granted "against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial ... since a

complete failure of proof concerning an essential element of the nonmoving

party's case necessarily renders all other facts immaterial." Celotex Corp. v.

Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). See

also, T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th

Cir. 1987)(holding that the nonmoving party may not rely on the pleadings but

must present specific facts creating a genuine issue of material fact); Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202

(1986)(holding that a dispute about a material fact is genuine "if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party.").

III.   <u>Arguments</u>

    A.   The evidence on the record fails to establish that Rodrigues
       <u>ever acted as a "fiduciary" under ERISA</u>

      In every case charging breach of a fiduciary duty under ERISA the threshold question is not whether actions of some person employed to provide services under an ERISA covered employee benefit plan adversely affected the plan beneficiaries interests, but **whether that person was acting as a fiduciary when taking the action/s which is/are the subject of the complaint**. <u>Pegram v. Herdrich</u>, 530 U.S. 211, 147 L.Ed.2d 164, 120 S.Ct. 2143 (2000).  Accordingly, all of the claims herein hinge on a showing that Rodrigues acted as a "fiduciary" in connection with the actions and/or omissions alleged.[1]  Because the Mutual Aid Fund no longer claims Rodrigues acted as "Chairman of the Board of Trustees of the Mutual Aid Fund" in connection with any of the alleged acts, the instant action cannot be maintained on the basis of Rodrigues being a named trustee pursuant to 29 U.S.C. §1102(a)(2).[2]

---

[1]  This would apply equally to Count Three of Plaintiff's Complaint pursuant to <u>Reich v. Construction Laborers Local No. 1140</u>, 908 F.Supp. 697 (DC Neb 1995)(holding that 29 U.S.C. §1106(a)(1) imposes a duty to refrain from prohibited transactions on "fiduciaries" and not on "parties in interest.")

[2]  Defining a "fiduciary" is anyone "who is named in the plan instrument, or who, pursuant to a procedure specified in the plan, is identified as a fiduciary (A) by a person who is an employer or employee organization with respect to the plan,

The threshold question here is whether there is any evidence upon which Defendant can be deemed a "fiduciary" on other grounds.  Custer v. Sweeney, 89 F3d 1156 (4th Cir. 1996)(holding that the concept of "fiduciary" includes not only those named as fiduciaries in the plan instrument, or who pursuant a procedure specified in the plan, is identified as a fiduciary under 20 U.S.C. §1102, but includes any individual who de facto performs specified discretionary functions with respect to the management, assets, or administration of such plan under 29 U.S.C. §1002(21)(A)).

29 U.S.C. §1002(21)(A) provides that a person is a "fiduciary" to the extent "(i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.  Such term includes any person designated under

---

or (B) by such an employer and such an employee organization acting jointly."  29 U.S.C. §1102(a)(2).

section 405(c)(1)(B) [29 U.S.C. §1105(c)(1)(B)[3]]."

Pursuant to the above, the instant claims are actionable against Rodrigues only if Plaintiff can show that Rodrigues can be deemed a "fiduciary" with respect to the particular acts and/or omissions alleged herein. Schultz v. Texaco, Inc., 127 F.Supp 2d 443 (S.D.N.Y. 2001); Walker v. Brady, 917 F.Supp. 313, rev'd on other grounds, remanded 125 F.3d 114 (3rd Cir. 1997); Grindstaff v. Green, 946 F.Supp. 540, aff'd 133 F.3d 416 (6th Cir. 1998), reh, en banc, den. 1998 US App LEXIS 7745 (6th Cir. 1998); Moench v. Robertson, 62 F3d 553 (3rd Cir. 1995), reh. en banc, den., 62 F3d 553 (3rd Cir. 1995)(holding that fiduciary status is not an all or nothing concept - a court must ask whether a person is a fiduciary with respect to the particular activity in question).

The Complaint herein alleges that Rodrigues was responsible for the following, inter alia:

1.    Establishing and/or having a written investment policy or guidelines, investigating and/or retaining a competent

---

[3] 29 U.S.C. §1105(c) provides:

**Allocation of fiduciary responsibility; designated persons to carry out fiduciary responsibilities.** (1) The instrument under which a plan is maintained may expressly provide for procedures (A) for allocating fiduciary responsibilities (other than trustee responsibilities) among named fiduciaries, and (B) for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities (other than trustee responsibilities) under the plan.

investment advisor and manager, reviewing and overseeing the
investment allocations, making recommendations to the other
trustees regarding investments (¶¶6, 12, 14, 16, Complaint);

2.    Causing Mutual Aid Fund to loan $1.1 million to Best Rescue
      Systems, Inc. (¶7, Complaint);

3.    Retaining/selecting Albert A. Hewitt, and his personally-held
      corporation, to serve as investment advisor and manager to the
      Mutual Aid Fund and giving Hewitt discretionary authority
      over the Mutual Aid Fund's investment in Best Rescue (¶15,
      Complaint), and;

4.    Approving the final loan to Best Rescue in November 1999
      when Best Rescue ceased making payments on its prior loans
      in September 1999 (¶¶19, 20, Complaint).

The plan instrument for the Mutual Aid Fund expressly provides, in

relevant part, the following:

Section 13.  <u>Duties</u>.  The trustees, in addition to other legal
duties as trustees, shall:
(a) effectuate the purpose of the Trust;
(b) administer the Trust;
[....]

Section 14.  <u>Powers</u>.  The trustees may:
      (a) receive, collect, hold, invest and disburse all money
payable to or by the Trust;
      [....]
      (e) employ persons necessary to administer the Trust,
including legal counsel, accountants, administrators, investment
counsellors (sic), and any other expert and clerical assistants deemed
necessary or appropriate by the trustees; and to pay or cause to be
paid compensation and expenses in connection therewith;
      [....]

(g) select a corporate agent, and enter into an agreement with such agent, to receive, collect, hold, invest, or disburse money payable to or by the Trust, subject to direction and control of the trustees;

[....]

(l) compromise, compound and settle any debt or obligation due to or from the Trust, reduce the rate of interest on, or extend or otherwise modify or foreclose upon any such obligation;

[....]

(n) delegate its investment powers to investment counsellors (sic) acting as investment agents of the trustees, provided that the purchase and sale of any securities by such agent shall be in the name selected by the trustees.  The authority of such agents or investment counsellors (sic) to purchase or sell securities shall be evidenced by written authority executed by the trustees.  The trustees shall require such agents to keep them currently informed as to the nature and amount of the investments made for the Trust by them, and shall have full authority to enter into appropriate agreements with such agents setting forth their investment powers and limitations thereon.  Such agents shall at all times be subject to the trustees' instructions.  The trustees may at any time terminate the services of such agents;

[....]

(u) delegate such of their powers to a corporate agent, administrator, attorney, investment counsellor (sic), agent or employ as in the discretion of the trustees, as they deem necessary and proper; (v) adopt and promulgate rules and regulations, and do all acts and execute all instruments necessary, to carry out the purposes of the Trust herein.

[....]

Section 17.  <u>Majority Vote and Quorum</u>.  Any action taken by the trustees shall be by a simple majority vote of the trustees attending a duly called meeting, provided that no action shall be taken unless there are at least five (5) trustees present at such meeting.

See, Exhibit 2, attached to Defendant's Concise Statement of Material Facts

9

(hereinafter "Trust Plan").

Pursuant to the above all of the alleged acts and/or omissions alleged herein are clearly discretionary powers assigned to the trustees under Sections 13(b), 14(a), 14(e), 14(g), 14(l) of the Trust Plan.  In this context, no evidence has been adduced on the record showing that these powers were otherwise delegated, contracted, and/or assigned in any way by the Trustees to Rodrigues pursuant to the powers and procedures specified in the Trust Plan in Sections 14(m), 14(g), 14(n), 14(p), 17, Trust Plan.[4]

Because the undisputed evidence herein shows that Defendant Rodrigues merely served as the Plan Administrator in carrying out the investment decisions of the duly authorized Trustees, this Court should determine that Plaintiff's claims for money damages against Defendant as a "fiduciary" under ERISA fail as a matter of law.  Pohl v. National Benefits Consultants, Inc., 956 F2d 126 (7th Cir. 1992)(entering judgment for plan administrator where plan administrator merely performed ministerial duties and did not exercise discretion);

_____

[4] It is noted that although fiduciaries are obligated to discharge their duties "solely in the interests of the participants and beneficiaries (see, 29 U.S.C. §1104(a)), the instant action Plaintiffs fail to name any of the obvious real parties in interest, i.e., the trustees of the Mutual Aid Fund at the time of the acts and/or omissions alleged herein were committed and thus omits potentially indispensable parties.  E.g., Rule 19, F.R.C.P..

Cf., <u>Mertens v. Hewitt Assocs.</u>, 948 F.2d 607, 610 (9th Cir. 1991)(holding that a consultant who exercises no authority over a plan other than in the exercise of his "usual professional functions" is not a fiduciary).

This Court should also determine that Defendant is entitled to judgment in his favor on the grounds that there is no evidence on the record to support Plaintiff's claim that Defendant otherwise "controlled" the trustees of the Mutual Aid Fund in connection with the transactions upon which this action is based. <u>Cosgrove v. Circle K Corp.</u>, 884 F.Supp. 350 (DC AZ 1995)(granting summary judgment for CEO of plan sponsor where the record was devoid of any actions personally taken by CEO to control or unduly influence the Plan trustee's decisions); <u>Local Union No. 98, IBRW v. Garney Morris, Inc.</u>, 33 EBC 2175, 2004 WL 1151722 (E.D.Pa.. 2004)(granting summary judgment to individual corporate officers who had not been determined to be fiduciaries where plaintiffs could not meet their burden of proof, i.e., by clear and convincing evidence, to support an alter ego theory to pierce the corporate veil).

Moreover, Defendant submits that although Plaintiff has litigated claims in Florida for losses of funds resulting from the same investments which are the subject of this lawsuit which has already been concluded, to date Plaintiff's have refused to inform Defendant of the extent to which the losses sought herein

have already been recovered in the Florida litigation.  See, Transcript of

Deposition of Albert Hewitt taken on March 6, 2007, at pp. 74-75, Exhibit 3,

attached to Defendant's Concise Statement of Material Facts; Affidavit of Eric A.

Seitz, at ¶¶ (5) & (6), attached to Defendant's Concise Statement of Material

Facts.

       B.      There is no evidence on the record showing that any of the
acts and/or omissions alleged herein constitute a breach of
the applicable standard of care under ERISA

29 U.S.C. §1104(a)(1)(A) establishes the standard of care applicable

to "fiduciaries" under ERISA.  See, Complaint, at Count One.

The only evidence adduced on the record shows that Defendant and

all of the trustees reasonably believed that Albert A. Hewitt was a qualified

investment advisor at the time the transactions herein were executed based on his

affiliation with Smith Barney, a well known and highly reputable securities and

investment firm, and his involvement in Hawaii with other clients, and that the

subject investments, which were recommended by him, were reasonable and

prudent.  Affidavit of Gary W. Rodrigues, attached to Defendant's Concise

Statement of Material Facts.

Elements of a cause of action for knowing participation in a breach of

a fiduciary duty include: (1) breach by a fiduciary of a duty owed to plaintiff;

(2) defendant's knowing participation in the breach; and (3) damages.  The

knowledge element includes (1) knowledge of the primary violator's status as a

fiduciary; and (2) knowledge that the primary's conduct contravenes a fiduciary

duty.  Gruby v. Brady, 838 F.Supp. 820 (S.D.N.Y. 1993); See also,  Mertens v.

Hewitt Associates, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993)(holding

that ERISA does not authorize suits for money damages against nonfiduciaries

who knowingly participate in a fiduciaries breach of fiduciary duties).

Because there is no evidence on the record herein showing that

Defendant "knowingly" participated in a breach of a fiduciary duty in connection

with the transactions upon which the instant action is based this Court should

determine that Defendant is entitled to judgment in his favor.

C.     The evidence on the record fails to establish that the instant
       action is properly authorized

It is undisputed that the Trust Plan, in relevant part, provides "the

trustees" with the exclusive power to "sue any person for the purpose of enforcing

any right or claim of the trust."  See Section 14(q), Exhibit 2, attached to

Defendant's Concise Statement of Material Facts.

The only evidence adduced on the record is the  self-serving hearsay

declaration of Dayton Nakanelua, which at best suggests that the "appointed

Administrator for UPW," Ms. Elizabeth Ho, was somehow "charged with the authority to administer the UPW Mutual Aid Fund Trust," and had "previously authorized [...] the lawsuit" against Mr. Rodrigues, which Mr. Nakanelua has ratified.  See Declaration of Dayton Nakanelua, attached to Plaintiff's Memorandum in Opposition to Defendant Gary W. Rodrigues' Motion to Dismiss, Filed January 16, 2004 (filed herein on March 18, 2004).

At this point in the litigation, in the absence of any "evidence" showing that the instant action is properly authorized in accordance with the procedures set forth in the Trust Plan itself the Court should determine that the instant action is not properly authorized.  Rule 17, F.R.C.P.

IV.    <u>Conclusion</u>

For all of the reasons set forth above Defendant submits that the instant motion should be granted.

DATED:    Honolulu, Hawai'i, __March 28, 2007_____.

   /s/ Eric A. Seitz_____
ERIC A. SEITZ
LAWRENCE I. KAWASAKI
RONALD N.W.B. KIM

Attorneys for Defendant
Gary W. Rodrigues

14