IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, MUTUAL AID FUND TRUST,<br><br>         Plaintiff,<br><br>    vs.<br><br>GARY W. RODRIGUES,<br><br>         Defendant. | CIVIL NO. 03-00598 DAE/LEK<br><br>AFFIDAVIT OF GARY W. RODRIGUES; EXHIBIT A |

### AFFIDAVIT OF GARY W. RODRIGUES

STATE OF HAWAII            )
                           ) SS.
CITY AND COUNTY OF HONOLULU )

GARY W. RODRIGUES being first duly sworn on oath, deposes and says:

(1) I am the Defendant in the above entitled matter.

(2) Through my employment as State Director of the United Public Workers Union I am familiar with the Mutual Aid Fund Trust and the instruments by which the Trust was created, but I do not have copies of any of those documents in my possession.

(3) Contrary to the allegations in the Complaint filed herein, I served only as the administrator for the UPW Mutual Aid Fund Trust.

(4) I was not eligible to serve and never did serve as a Trustee, nor did I serve as the "chairman" of the Board of

-5-

**EXHIBIT  1**

Trustees.

(5) I am informed and believe that the Mutual Aid Fund Trust instruments specify that the duly selected and sitting officers of the United Public Workers Union shall serve as the Trustees of the Trust.

(6) Under those same instruments, it is the Trustees who are obligated to make decisions and to act in accordance with the purposes of the Mutual Aid Fund Trust and applicable federal and state laws.

(7) The Plaintiff's counsel know full well that all of the investment decisions that are cited as the bases for the claims herein were made by the duly authorized Trustees and/or officers and Executive Board members of UPW, not by me.

(8) From my knowledge and recollection of the Trust instruments I am informed and believe that only the Trustees of the Mutual Aid Fund Trust are empowered to hire attorneys and to initiate litigation in behalf of the Trust.

(9) As administrator I merely carried out the directives of the duly selected Trustees, and I never acted without the authorization of the Trustees.

(10) In approximately December, 2002, the officers of the United Public Workers Union were removed by its parent labor organization, and the local union was placed into a status whereby it was administered directly by the inter-

national union.

(11) Consequently, since November, 2002, there have been no officers of the UPW who could have acted as the Trustees of the Mutual Aid Fund Trust, and therefore it would not have been possible for the Mutual Aid Fund Trust to retain counsel and authorize the instant lawsuit to be filed.

(12) Accordingly, I am informed and believe that counsel for the Plaintiff herein are acting without the authority of the named Plaintiff and for reasons that have nothing to do with the purported claims that they have brought against me.

(13) Moreover, I am informed and believe that the former Trustees of the Mutual Aid Fund Trust retained counsel and authorized the pursuit of litigation in the Florida state courts to recover the investments which are the subject of this case, and that the Florida litigation is on-going and has not yet been resolved.

(14) Thus, it has not yet been determined what, if any, losses of funds may have resulted from the investments which are the subject of this lawsuit, and therefore the claims brought herein are not ripe and/or have not yet accrued.

(15) Attorneys James E. T. Koshiba and Charles A. Price also are serving as counsel for the UPW in at least two other cases in which they have brought claims against me.

(16) In a pending state court case Koshiba and Price have been seeking to delay and prevent the payment of accrued

-7-

sick leave and vacation benefits to which I was entitled when I retired from the UPW in November, 2002.

(17) In federal court, Koshiba and Price recently named and served me as a third party defendant in a case brought by Jeanne Endo in which the Plaintiff did not sue me and has not brought any claims against me individually.

(18) In the Endo case the UPW had been providing my legal representation after the union's own thorough investigation concluded that the claims were frivolous; however, now that Koshiba and Price have brought me into the litigation they also have denied my requests to UPW for continuing legal representation.

(19) Consequently I have asked the UPW pension fund administrator for access to my accrued retirement funds to enable me to retain counsel and pay legal expenses in the Endo matter and in the instant litigation; however, as evidenced by the letter attached hereto as Exhibit A, that request also has been referred to Mr. Koshiba who apparently is advising the union as to whether I should be given any of my own money to defend myself against the legal actions that Koshiba and Price are pursuing against me!

(20) Based upon the foregoing it is my opinion that Attorneys Koshiba and Price have a flagrant conflict of interests, are acting unethically and without proper authorization from a legitimate client, and have brought claims in

this case which they know have absolutely no merit whatsoever.

```
                                    /s/ Gary W. Rodrigues
                                    _____
                                    GARY W. RODRIGUES
```

Subscribed and sworn to before me
this __14th__ day of January, 2004.

_____
Notary Public, State of Hawaii
My commission expires: 11-29-2005

L.S.

-9-