## DECLARATION OF 501(c)(9) TRUST BY UPW LOCAL 646, AFSCME, AFL-CIO

WITNESSETH:

WHEREAS, it is the desire of Local Union 646 of the United Public Workers, AFSCME, AFL-CIO, hereinafter referred to as the "Local Union", to provide voluntary supplemental hospitalization benefits for members of Local Union under a mutual aid trust;

NOW, THEREFORE, the Local Union, subject to the Constitution and By-laws of the United Public Workers, AFSCME, AFL-CIO, hereby makes a declaration of trust, as follows:

Section 1. <u>Declaration and Establishment</u>. The Local Union hereby declares, establishes and creates a trust to be known as the UPW Local 646 Mutual Aid 501(c)(9) Trust, hereinafter referred to as the "Trust".

This Declaration of Trust is irrevocable, and under no circumstances shall any money paid into the Trust be recoverable by or paid to the Local Union, except as may be required under Section 14.e., its members, or any other person, nor shall any part of the Trust be diverted to a purpose other than stated in Section 5 hereof and for necessary and reasonable expenses incurred in the establishment and administration of the Trust, provided, however, that the Trust may be modified or terminated in accordance with the provisions of Sections 20 to 22 inclusive hereof.

Section 2. <u>Composition</u>. The Trust shall include all funds held by the Local Union, as of the date of the Declaration of Trust herein, contributed by its members for the purpose of providing voluntary supplemental hospitalization benefits for the members of the Local Union, and all property hereafter received by the trustees, including contributions, investments made

GJS 02808

-1-

**EXHIBIT 2**

by the trustees and income therefrom, held by the trustees to carry out the purposes herein.

Section 3. <u>Contribution</u>. Members of the United Public Workers Local 646, AFSCME, AFL-CIO and their dependents may make voluntary contributions monthly to the Trust. The amount of contribution shall be determined by the Board of Trustees of the UPW Local 646 Mutual Aid 501(c)(9) Trust in accordance with the Rules and Regulations of the Mutual Aid Plan.

Section 4. <u>Vested Right or Interest</u>. Neither the Local Union, its members, or any person claiming by, through or under any of these, shall have any right, title or interest in or to the Trust or any part thereof, except the right of the members of the Local Union to supplemental hospitalization benefits if they meet eligibility and other requirements as determined by the trustees.

Neither the Trust nor any part of it, nor any payments to the Local Union intended for the Trust and not yet transmitted to it, shall be liable for or subject to the debts, contracts, or liabilities of the Local Union, its members or any trustee.

Neither the Trust, nor any benefits payable in accordance with the rules and regulations of the trustees, shall be subject in any manner to anticipation, alienation, transfer, assignments, pledge, encumbrance or charge by any person.

Section 5. <u>Trust Purpose - Beneficiaries</u>. The Trust shall be used solely for the purpose of providing supplemental hospitalization benefits for the members and employees of the Local Union, their families or dependents who make contributions to the Trust. The nature, form and amount of such benefits shall be determined solely by the trustees for members of the Local Union, their families or dependents, satisfying eligibility requirements established by the trustees.

GJS 02809

Section 6. Board of Trustees. The Trust shall be administered by a board of 7 trustees, composed of the State President, State Secretary/Treasurer, Oahu Division Vice President, Private Sector Division Vice President, Hawaii Division Vice President, Kauai Division Vice President and Maui Division Vice President of the Local Union.

Section 7. Term. A trustee may serve so long as he retains one of the offices in the Local Union enumerated in Section 6 above.

Section 8. Vacancy. If a trustee dies, resigns, is removed, or becomes incapable of serving, before the expiration of his term, he shall be replaced by his successor in his Local Union office, selected in accordance with the Constitution and By-laws of the Local Union.

Section 9. Quorum. A quorum of trustees shall be required to transact any business or affairs of the Trust. A quorum shall consist of 5 trustees.

No vacancy or vacancies in the office of trustee shall impair the power of the remaining trustees to administer the affairs of the Trust, provided there are sufficient trustees to constitute a quorum.

Section 10. Compensation. The trustees shall not receive any compensation for services rendered to the Trust, but shall be reimbursed for reasonable and necessary expenditures made in behalf of the Trust.

Section 11. Officers of Trustees. The State President of the Local Union shall be chairman of the Board of Trustees. The trustees shall elect annually a vice-chairman, and secretary. The duties of the officers shall be determined by the trustees.

Section 12. Liability of Trustees. Except as required by law, a trustee shall not be held personally liable for any liability or debt incurred by the trustees, nor for any error of judgement, or for any breach of trust by other trustees, nor for any loss arising out of any act or omission by any other trustee or agent or employee of the Trust in the execution of this Trust, unless such trustee has acted in bad faith, or with reckless indifference to the interest of the Trust, or knowingly committed a breach of trust.

GJS 02810

## DUTIES AND POWERS OF TRUSTEES

Section 13. <u>Duties</u>. The trustees, in addition to other legal duties as trustees, shall:

(a) effectuate the purpose of the Trust;

(b) administer the Trust;

(c) maintain proper books of account and records of their administration of the Trust and have an annual audit made of the Trust by a certified public accountant, which shall be available for inspection by the beneficiaries of the Trust at the principal office of the Trust; and

(d) procure fidelity bonds for the trustees, and, in their discretion, for other agents dealing with the assets of the Trust. Bonding expenses shall be borne by the Trust.

Section 14. <u>Powers</u>. The trustees may:

(a) receive, collect, hold, invest and disburse all money payable to or by the Trust;

(b) deposit any money of the Trust in a bank or banks or saving and loan institution selected by the trustees;

(c) make withdrawals from such depositaries only upon co-signatures of at least two (2) trustees, or, if so authorized by the trustees, upon the signature of a corporate agent, administrator or officer of the trustees;

(d) pay out of the Trust any sums necessary to effectuate the purpose of the Trust, administer the Trust, and pay costs incurred in establishing the Trust;

(e) employ persons necessary to administer the Trust, including legal counsel, accountants, administrators, investment counsellors, and any other expert and clerical assistants deemed necessary or appropriate by the trustees; and to pay or cause to be paid compensation and expenses in

GJS 02811

-4-

connection therewith;

(f) establish an administrative office and secure real or personal property, if necessary or desirable, for administration of the Trust;

(g) select a corporate agent, and enter into an agreement with such agent, to receive, collect, hold, invest, or disburse money payable to or by the Trust, subject to direction and control of the trustees;

(h) invest or reinvest any part of the principal and income of the Trust, not required for current expenditures or reserves, in real and/or personal property;

(i) sell from time to time any securities of the Trust, and no purchaser upon any sale of securities of the Trust shall be bound to see to the application of the purchase money or to inquire as to the validity, expediency or propriety of any such sale;

(j) sell, exchange, lease, convey, or otherwise dispose of any property of the Trust under proper terms, and sign and deliver any necessary instrument of conveyance or transfer in connection therewith;

(k) vote upon any stocks, bonds or other securities of any other corporation or other issuer at any time held in the Trust, or otherwise consent to or request any action on the part of such corporation or other issuer, and, at their discretion, give general or special proxies or powers of attorney with or without power of substitution;

(l) compromise, compound and settle any debt or obligation due to or from the Trust, reduce the rate of interest on, extend or otherwise modify, or foreclose upon any such obligation;

(m) participate in reorganizations, recapitalizations, consolidations,

GJS 02812

mergers and similar transactions with respect to stocks, bonds or other securities of any corporation or other issuer at any time held in the Trust, and accept and retain any property received thereunder, and deposit any such property with any protective, reorganization or similar committee and exercise any subscription rights and conversion privileges, and generally exercise any of the powers of an owner with respect to stocks or other securities or properties comprising the Trust;

(n) delegate its investment powers to investment counsellors acting as investment agents of the trustees, provided that the purchase and sale of any securities by such agent shall be in the name selected by the trustees. The authority of such agents or investment counsellors to purchase or sell securities shall be evidenced by written authority executed by the trustees. The trustees shall require such agents to keep them currently informed as to the nature and amount of the investments made for the Trust by them, and shall have full authority to enter into appropriate agreements with such agents setting forth their investment powers and limitations thereon. Such agents shall at all times be subject to the trustees' instructions. The trustees may at any time terminate the services of such agents;

(o) borrow money from lending institutions for the purposes of this Trust, and secure repayment thereof by pledging or mortgaging all or any part of the Trust;

(p) enter into any contract or agreement to carry out the purposes of the Trust;

(q) sue any person for the purpose of enforcing any right or claim of the Trust, including the payment of court costs and reasonable attorneys' fees, in behalf of the Trust as provided herein. The trustees may delegate their authority to sue any person as herein provided to an administrator to act in behalf of the Trust;

GJS 02813

(r)  procure a policy or policies of insurance, or make such other arrangements, as may be necessary to carry out the purposes of the Trust;

(s)  determine, at their discretion, eligibility requirements for receiving benefits from the Trust;

(t)  determine the kind and type of benefit, the method and manner of payment of benefits, and the validity of claims for benefits;

(u)  delegate such of their powers to a corporate agent, administrator, attorney, investment counsellor, agent or employ as in the discretion of the trustees, as they deem necessary and proper;

(v)  adopt and promulgate rules and regulations, and do all acts and execute all instruments necessary, to carry out the purposes of the Trust herein.

## MEETINGS

Section 15. <u>Notice</u>. The chairman of the board of trustees may call a meeting of the trustees at any time by giving at least seven (7) days notice of the time and place thereof to the trustees. Meetings may also be called by at least two (2) trustees by giving at least ten (10) days notice of the time and place thereof to the remaining trustees, or without notice if all of the trustees consent thereto.

Section 16. <u>Voting Power</u>. Each trustee shall have one (1) vote on all matters.

Section 17. <u>Majority Vote and Quorum</u>. Any action taken by the trustees shall be by a simple majority vote of the trustees attending a duly called meeting, provided that no action shall be taken unless there are at least five (5) trustees present at such meeting.

Section 18. <u>Voting Deadlock</u>. If the number of votes on any matter is deadlocked, the matter may be submitted to an impartial umpire selected

GJS 02814

-7-

by a majority vote of the trustees. If, however, a majority of the trustees cannot agree upon the selection of an impartial umpire, then the First Judge of the U.S. District Court for the District of Hawaii shall select the impartial umpire. The decision of the First Judge and the impartial umpire shall be final and binding upon the trustees.

All costs and expenses of arbitration proceedings reasonably incurred by the trustees shall be borne by the Trust.

Section 19. <u>Meeting Records.</u> Records shall be kept of all actions taken at meetings of the trustees.

Section 20. <u>Amendment.</u> Amendment of this Declaration of Trust shall be in the same manner required for the amendment of the by-laws of U.P.W. Local Union 646.

Section 21. <u>Restriction.</u> Anything herein to the contrary notwithstanding, no amendment shall be made to this Declaration of Trust which alters the basic purpose of this Trust as set forth in Section 5, conflicts with any applicable law of government regulations, or deprives any eligible member, his family or dependents of a vested right.

Section 22. <u>Termination of Trust and Disbursement of Assets.</u> This Trust may be terminated by the Board of Trustees at any time, provided at least ten (10) days notice shall be given to all its members of the meeting at which such action is to be considered.

Any and all assets remaining in the Trust upon termination thereof shall be first used to satisfy all legal debts of the Trust, and the remaining assets shall be used solely to provide benefits in accord with the purpose of the Trust as set forth in Section 5, and for expenses of administration incident thereto.

The trustees shall also arrange for a final audit and report of their transactions and activities for the purpose of terminating their trusteeship.

GJS 02815

-8-

Section 23. Severability and Compliance. If any section of this Declaration of Trust, or any part thereof, is or becomes illegal or invalid, such illegality or invalidity shall not affect the remaining provisions of this Declaration of Trust, unless such illegality or invalidity prevents the trustees from accomplishing the purposes of the Trust. If any such illegality or invalidity exists or occurs, the trustees and Local Union shall immediately make such amendment or amendments to this Declaration of Trust as may be necessary to eliminate the illegality or invalidity.

Section 24. Tax Exemption. If any provision of this Declaration or Trust is held for any reason to render income received by the Trust non-exempt from taxation, the parties hereto shall immediately take steps to remedy such non-exemption.

Section 25. Successors and Assigns. This Declaration of Trust shall be binding upon the Local Union and its members and their respective successors, assigns and personal representatives.

Section 26. Conflict with International Constitution and By-Laws. Any other provision herein to the contrary notwithstanding, if there is any conflict between provisions of this Trust and the Constitution and By-laws of the United Public Workers, AFL-CIO, the provisions of the Constitution and By-laws of the United Public Workers, AFL-CIO shall prevail, provided however, the provisions of the Constitution and By-Laws of the United Public Workers, AFL-CIO shall not prevail if this would result in any violation of the Employees Retirement Income Security Act as amended or any other applicable law.

GJS 02816

LOCAL UNION 646, U.P.W., AFL-CIO

By _Benney Rodrigues_     Date _7/27/84_
State President

By _Adaline K. White_     Date _July 27, 1984_
State Secretary/Treasurer

By _Joseph K. Rodrigues_     Date _7/27/84_
Oahu Division Vice President

By _[signature]_     Date _7/27/84_
Private Sector Division Vice President

By _[signature]_     Date _7/27/84_
Hawaii Division Vice President

By _[signature]_     Date _7-27-84_
Kauai Division Vice President

By _Glenn J. Coru_     Date _7/27/84_
Maui Division Vice President

GJS 02817

-10-