

KOSHIBA AGENA & KUBOTA

JAMES E. T. KOSHIBA          768-0
CHARLES A. PRICE            5098-0
2600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No.: 523-3900
Facsimile No.:  526-9829
email:  jkoshiba@koshibalaw.com
        cprice@koshibalaw.com

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 4 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, MUTUAL AID FUND TRUST, | ) ) ) ) | CIVIL NO. CV03-00598 DAE LEK |
| Plaintiffs, | ) ) ) | PLAINTIFF'S OPPOSITION TO DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS; DECLARATION OF COUNSEL; EXHIBITS "0" - "16"; DECLARATION OF DAYTON NAKANELUA; EXHIBITS "A" - "F"; DECLARATION OF ALISON LEONG; DECLARATION OF GEORGE YASUMOTO; CERTIFICATE OF SERVICE |
| vs. | ) ) ) | |
| GARY W. RODRIGUES, | ) ) | |
| Defendant. | ) ) ) ) ) | |
| _____ | ) | (Trial: August 28, 2007) |



PLAINTIFF'S OPPOSITION TO
DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS

Plaintiff United Public Workers, AFSCME, Local 646, AFL-CIO, Mutual Aid Fund Trust ("Mutual Aid Fund"), hereby submits the following opposition to Defendant's Concise Statement of Material Facts.

| Defendant's Alleged Undisputed Facts | Plaintiff's Opposition and Support |
|---|---|
| 1.    Defendant Gary W. Rodrigues served only as administrator of the Mutual Aid fund Trust at all times pertinent hereto. | Mr. Rodrigues served as Plan Administrator, but he made and controlled investment decisions and his duties were not merely ministerial in nature.  See Declarations of Dayton Nakanelua, Alison Leong, and George Yasumoto and exhibits attached thereto. |
| 2.    Defendant Rodrigues never served as a named trustee of the Mutual Aid Fund Trust at any time pertinent hereto. | Mr. Rodrigues never served as a named trustee, but he exercised power, authority and control as if he was the entire Board of Trustees.  See Declarations of Dayton Nakanelua, Alison Leong, and George Yasumoto, and exhibits attached thereto. |
| 3.    All of the investment decisions which form the basis for the claims in this action were made/directed by the duly authorized trustees of the Mutual Aid Fund Trust. | Mr. Rodrigues, not the trustees, made/directed the investment decisions.  See Declarations of Dayton Nakanelua, Alison Leong, and George Yasumoto and exhibits attached thereto. |



| Defendant's Alleged Undisputed Facts | Plaintiff's Opposition and Support |
|---|---|
| 4.  In or about 1991, the Mutual Aid Fund Trust retained Albert A. Hewitt to recommend and handle investments for the Trust. | Plaintiff is unsure of the date of retention.  Mr. Hewitt and Mr. Rodrigues handled investments for the Trust. |
| 5.  At the time he was retained by the Trust, Mr. Hewitt was affiliated with Smith Barney, a well known and highly reputable investment firm, and who was highly recommended on the basis of his investment services to other entities in Hawaii. | Plaintiff is unsure of Mr. Hewitt's affiliation at time of retention or of any recommendations. |
| 6.  During that time, Mr. Hewitt submitted regular reports to the sitting Trustees of the Trust, and both his activities and his continued retention were scrutinized and authorized by the Trustees. | Mr. Hewitt never met the Trustees, did not submit regular reports to the Trustees, and his activities and continued retention was not scrutinized or authorized by the Trustees.  Mr. Hewitt regularly reported only to Mr. Rodrigues.  See Deposition of Albert Hewitt, Declarations of Dayton Nakanelua, Alison Leong, and George Yasumoto and exhibits attached thereto. |
| 7.  Albert A. Hewitt recommended investments of Trust monies in Best Rescue Systems, Inc. | Mr. Hewitt recommended investments in Best Rescue to Mr. Rodrigues who invested the Trust monies.  See Deposition of Albert Hewitt, Declarations of Dayton Nakanelua, Alison Leong, and George Yasumoto and exhibits attached thereto. |

| Defendant's Alleged Undisputed Facts | Plaintiff's Opposition and Support |
|---|---|
| 8.     At that time Defendant Rodrigues reasonably believed that Mr. Hewitt's recommendation was a reasonable and prudent investment based on his professional background and prior performance. | Mr. Rodrigues knew of Mr. Hewitt's financial arrangement with Best Rescue which obviously tainted and compromised Mr. Hewitt's recommendation.  Mr. Rodrigues did not act reasonably or prudently given Mr. Hewitt's financial ties to Best Rescue, the start-up developmental nature of the company, the proportionately large amount of the investment, and the lack of due diligence.  See Deposition of Albert Hewitt. |
| 9.     The Declaration of 501(c)(9) Trust by UPW Local 646, AFSCME, AFL-CIO specifies the duties and powers assigned to the trustees of the Mutual Aid Fund Trust. | The Declaration of Trust specifies the duties and powers assigned to the Trustees, but Mr. Rodrigues usurped and exercised those duties and powers, not the Trustees.  See Declarations of Dayton Nakanelua, Alison Leong, George Yasumoto and exhibits attached thereto. |

DATED:  Honolulu, Hawaii, May 4, 2007.

_____
CHARLES A. PRICE
JAMES E. T. KOSHIBA
Attorneys for Plaintiff