ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ               1412
LAWRENCE I. KAWASAKI   5820
RONALD N.W.B. KIM        8306
820 Mililani Street,  Suite 714
Honolulu, Hawai'i         96813
Telephone:   (808)   533-7434
Facsimile: (808) 545-3608

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, MUTUAL AID FUND TRUST, | ) ) ) ) | CIVIL NO. 03-00598 DAE/LEK |
| Plaintiff, | ) ) ) | DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR |
| vs. | ) ) | SUMMARY JUDGMENT, FILED MARCH 28, 2007; CERTIFICATE |
| GARY W. RODRIGUES, | ) ) | OF SERVICE |
| Defendant. | ) ) ) ) | Hearing: Date:  June 4, 2007 Time:  9:00 a.m. Judge: Hon. David A. Ezra |
| _____ | ) | (Trial: August 28, 2007) |

DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S  MOTION FOR SUMMARY
JUDGMENT, FILED MARCH 28, 2007

Plaintiff's Memorandum in Opposition clearly confirms that the instant suit has been brought exclusively in the name of and/or on behalf of "The Mutual Aid Fund [...] **an ERISA-governed employee welfare benefit plan**."[1]

Section 1132(a) determines which persons are empowered to bring civil actions pursuant to ERISA.. Section 1132(a)(2) provides that a participant, beneficiary, fiduciary, or the Secretary of Labor may bring suit for claims of breach of fiduciary duty pursuant to 29 U.S.C. §1109. Section 1132(a)(3) provides that a participant, beneficiary, or a fiduciary may bring suit to enjoin any other act or practice which violates Title 29, or obtain other equitable relief. 29 U.S.C. §1132(a).

The Court of Appeals for the Ninth Circuit has long held that ERISA plans, like "The Mutual Aid Fund," <u>do not</u> have standing to bring suit under ERISA. <u>Chasen v. The Garrett Group</u>, 2007 WL 173927 (S.D. Cal., 2007)(citing, <u>Steen v. John Hancock Life Ins. Co.</u>, 106 F.3d 904, 917 (9th Cir. 1997), <u>Local 159 et al. v. Nor-Cal Plumbing</u>, 185 F3d 978, 983 (9th Cir. 1999), and <u>Bowles v.</u>

---

[1]  See, Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, at pp. 2-3 (Emphasis added); Declaration of Dayton Nakanelua, attached to Plaintiff's Memorandum in Opposition to Defendant Gary Rodrigues' Motion to Dismiss, filed January 16, 2004, at ¶5; 29 U.S.C. §1002, defining the term "employee welfare benefit plan"; ¶ 1; Complaint filed October 31, 2003.

Reade, 198 F.3d 762, 760-61 (9th Cir. 1999); See also, McBride v. PLM

International, 179 F.3d 737, 742 (9th Cir. 1999)(holding that the list of potential

claimants in section 1132 is exclusive).

      Although there is a division among other circuits on the issue, the

majority of courts that have addressed this issue have held that a plan has no

standing to bring a claim under ERISA.  Wiseman v. First-Citizen's Band & Trust

Co., 2002 WL 1186458 (W.D.N.C. 2002) (citing Provident Life & Accident Ins.

Co. v. Waller, 906 F.2d 985, 987 (4th Cir.1990)["most of our sister circuits have

limited federal jurisdiction to the suits by the entities specified in the statute."]).

The United States Supreme Court also has observed that ERISA is intended to be a

"comprehensive and reticulated statute" and that courts should be "reluctant to

tamper with [the] enforcement scheme embodied in the statute by extending

remedies not specifically authorized by its text."  Great-West Life & Annuity Ins.

Co. v. Knudson, 534 U.S. 204, 209, 151 L.Ed.2d 635, 112 S.Ct. 708, 712 (2002).

      Accordingly the Court should determine that Defendant is entitled to

summary judgment on the grounds there is no question of material fact as to

Plaintiff's lack of standing to pursue the ERISA claims alleged herein.  See, Harris

v. Provident Life & Accident Ins. Co., 26 F3d 930, 933 (9th Cir. 1994)(holding that

a federal court has no jurisdiction to hear a civil action under ERISA that is

brought by a person who is not a "participant, beneficiary, or fiduciary," citing

Franchise Tax Bd. V. Construction Laborers Vacation Trust, 463 U.S. 1, 27, 77

LEd 2d 420, 103 S.Ct. 2841 (1983).[2]

      Furthermore, because fiduciaries, including named trustees, are

obligated to discharge their duties "solely in the interests of the participants and

beneficiaries, 29 U.S.C. §1104, in light of the assertions of Trustees Alison Leong

and George Yasumoto[3] showing that they and other trustees "invariably and

uncritically followed Rodriques' recommendations and advice,[4]" and that they

ratified the investments herein at the trustees meeting on January 20, 2001,[5]

---

[2]  The defense of lack of subject matter jurisdiction cannot be waived," Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983), and may "be raised at any time during the proceedings," United States v. Bennett, 147 F.3d 912, 914 (9th Cir.1998) (internal quotations omitted). Furthermore, because federal courts possess "only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto[,] ... every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review," even if not contested by the parties. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (internal quotations omitted). Hansen v. Department of Treasury, 2007 WL 1309688 (C.A.9 (Nev.),2007).

[3]  See, Declarations of Alison Leong and George Yasumoto, attached to Plaintiff's Opposition to Defendant's Concise Statement of Material Facts.

[4]  See, Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, at p. 12.

[5]  See, Exhibit D, attached to Plaintiff's Opposition to Defendant's Concise Statement of Material Facts.

Defendant is entitled to judgment in his favor based on Plaintiff's failure to name the Trustees as indispensable parties herein.

Plaintiff's failure to present any evidence showing that Defendant had actual knowledge that the investments herein were improper for any reason, or that his reliance on the advice of Albert Hewitt was unreasonable, also establishes that Defendant is entitled to judgment in his favor.  See, Gruby v. Brady, 838 F.Supp. 820 (S.D.N.Y. 1993).

For all of these reasons Defendant Rodrigues submits that the instant motion should be granted.

Finally Plaintiff's admission that it already has recovered "some amount from Mr. Hewitt's insurer[6]" should warrant a dismissal of these duplicative claims especially in light of Plaintiff's refusal thus far to disclose any information about the settlement of the amount of any recovery.

DATED:    Honolulu, Hawai'i,    May 11, 2007           .

                  /s/ Eric A. Seitz
                  ERIC A. SEITZ
                  LAWRENCE I. KAWASAKI
                  RONALD N.W.B. KIM
                  Attorneys for Defendant
                  Gary W. Rodrigues

---

[6]  See, Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, at pp. 8-9.

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| UNITED PUBLIC WORKERS, | ) | CIVIL NO. 03-00598 DAE/LEK |
| AFSCME LOCAL 646, AFL-CIO, | ) | |
| MUTUAL AID FUND TRUST, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GARY W. RODRIGUES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly

served this date electronically via CM/ECF to the following at the address listed

below:

JAMES E.T. KOSHIBA, ESQ.
CHARLES A. PRICE, ESQ.
KOSHI BA, AGENA & KUBOTA
2600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Email: cprice@koshibalaw.com

Dated:  Honolulu, Hawaii,  __May 11, 2007_____.


 __/s/ Eric A. Seitz_____
ERIC A. SEITZ