IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, MUTUAL AID FUND TRUST,  )<br><br>Plaintiffs,  )<br><br>vs.  )<br><br>GARY RODRIGUES,  )<br><br>Defendant.  ) | CIVIL NO. CV03-00598 DAE LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

A.   *Statement of Facts.*

Defendant Gary Rodrigues' ("Rodrigues") Motion for Summary Judgment, filed March 28, 2007, argued that Rodrigues was entitled to summary judgment because: (1) Rodrigues was not a "fiduciary" who owed fiduciary duties to the Mutual Aid Fund, (2) Rodrigues' conduct was not a breach of any fiduciary duties, and (3) this lawsuit was not properly authorized under the terms of the Trust Plan for the Mutual Aid Fund. As to this third argument, the Motion for Summary Judgment specifically cited and referred to the Declaration of Trust attached as

Exhibit "2" to Defendant's Concise Statement of Material Facts. *See* Memorandum In Support, filed March 28, 2007, pp. 13, 14. The Mutual Aid Fund's Memorandum In Opposition, filed May 4, 2007, addressed the arguments and law raised in Rodrigues' Motion for Summary Judgment. Rodrigues' Reply Memo, filed May 11, 2007, argued for the first time that the Mutual Aid Fund, as a plan entity, lacked standing under ERISA to bring the current action and, therefore, this Court lacked subject matter jurisdiction. The Reply Memo cited new legal authorities not previously cited in the Memorandum in Support of Defendant's Motion for Summary Judgment.

B.   *Argument*

Local Rule 7.4 of the Rules of the U. S. District Court for the District of Hawaii provides in pertinent part: "Any arguments raised for the first time in the reply shall be disregarded." The rationale for this rule is obvious. The party opposing a motion needs and is entitled to a fair opportunity to research and respond to all arguments via its memorandum in opposition, and it is unfair to "sandbag" and to raise new arguments after an opposition has been filed.

Here, Rodrigues' original motion for summary judgment argued that this action was not contractually authorized per the Declaration of Trust because the action was initiated and authorized by an AFSME-appointed Administrator. Rodrigues did not argue that the Mutual Aid Fund as an entity lacked standing under

the ERISA statute to proceed as a plaintiff or that the Court lacked subject matter jurisdiction. Those arguments were raised, and the legal authorities supporting same were cited, for the very first time in the Reply Memo. Per Local Rule 7.4, those new arguments should be disregarded.

C.  *Conclusion.*

For the above reasons, the Court should disregard those new arguments in the Reply Memo when ruling on the Motion for Summary Judgment and grant this Motion to Strike the Reply Memorandum.

DATED: Honolulu, Hawaii, May 14, 2007.

_____
CHARLES A. PRICE
JAMES E. T. KOSHIBA
Attorneys for Plaintiff