IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, MUTUAL AID FUND TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>GARY RODRIGUES,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. CV03-00598 DAE LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

A.   *SHORT STATEMENT OF THE CASE.*

The Mutual Aid Fund is an employee welfare benefit fund under ERISA. It is voluntary contribution plan that provides hospitalization benefits for participating employees and their dependents. All contributions to the Mutual Aid Fund are made by employees represented by the United Public Workers, AFSCME, LOCAL 646, AFL-CIO ("UPW").

The Mutual Aid Fund claims that Defendant Gary Rodrigues ("Rodrigues"), while he was the Plan Administrator of the Mutual Aid Fund,

breached his fiduciary duties by imprudently and without adequate due diligence causing the Mutual Aid Fund to make $1.1 million in unsecured loans to a risky, small, under-capitalized, start-up company in Florida called Best Rescue Systems, Inc. Rodrigues arranged the loans through an investment advisor, Albert Hewitt, who received a "loan origination" or finder's fee in connection with the loans. Best Rescue failed to repay the loans and the Mutual Aid Fund lost $1.1 million plus interest.

### B.   *THE ERISA STATUTE.*

29 U.S.C. § 1132(d)(1) of the Employment Retirement Income Security Act ("ERISA") provides that "an employee benefit plan may sue or be sued under this subchapter as an entity." The Ninth Circuit has ruled, however, that this section does not confer jurisdiction for ERISA plans to bring civil enforcement actions for breach of fiduciary duty because such actions, per 29 U.S.C. § 1132(e)(1), must be brought "by a participant, beneficiary, or fiduciary." Local 159 v. Nor-Cal Plumbing, Inc., 185 F.3d 978, 982 fn. 4 (1999). As the Local 159 v. Nor-Cal Plumbing Court noted, the Ninth Circuit has allowed ERISA trust funds to bring ERISA suits where the issue of the trust funds' standing under ERISA has never been raised. Id. citing Pension Trust Fund for Operating Eng'rs v. Triple A Mach. Shop, Inc., 942 F.2d 1457, 1461 (9th Cir. 1991); Brick Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 1333, 1335 (9th Cir. 1988); Operating

Eng'rs Pension Trust v. Cecil Backhoe Serv., Inc., 795 F.2d 1501, 1503 (9th Cir. 1986); and Laborers health & Welfare Trust Fund v. Kaufman & Broad, Inc., 707 F.2d 412, 415-16 (9th Cir. 1983).

Here, Defendant's Reply Memorandum, filed May 11, 2008, has raised for the first time the issue of ERISA standing and jurisdiction. To moot this issue, Plaintiff moves to substitute or join Steven DeCosta, Chairperson of the Board of Trustees of the Mutual Fund, as the real party in interest and/or as an additional party plaintiff.

C. *SUBSTITUTION OR JOINDER.*

FRCP Rule 17(a) provides as follows:

**Rule 17. Parties Plaintiff and Defendant; Capacity.**

> **(a) Real Party in Interest.** Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Here, the substitution of Steven DeCosta, in his capacity as Chairperson of the Board of Trustees of the Mutual Aid Fund, as the party plaintiff should be allowed pursuant to Rule 17(a). In <u>The Renfrew Center v. Blue Cross & Blue Shield of Central New York, Inc.</u>, 1997 U.S. Dist. Lexis 5088 (N.D.N.Y. April 10, 1997), the health plan defendant moved to dismiss the ERISA claims that health plan beneficiaries assigned to the plaintiff medical provider, arguing that the medical provider was not a "participant, beneficiary, or fiduciary" entitled to bring suit and the assignments were invalid. <u>Id.</u> The plaintiff responded by moving to substitute the plan beneficiaries, the individual patients, as party plaintiffs. <u>Id.</u> The <u>Renfrew</u> Court denied the motion to dismiss and granted the motion to substitute, noting that the substitution of parties did not prejudice the defendant because the factual allegations of the complaint remained the same. <u>Id.</u>; cf. <u>Boilermaker-Balcksmith National Pension Trust v. Vernon Keith Reed</u>, 2004 Bankr. LEXIS 1429 (Kan. September 14, 2004) (defendant's motion to dismiss for failure to specifically identify plaintiffs welfare plans' trustees denied and plans' motion to substitute the personal names of the trustees granted).

Similarly, the Ninth Circuit Court of Appeals in the case <u>Motion Picture Industry Pension & Health Plans v. N.T. Audio Visual Supply, Inc.</u>, 259 F.3d 1063, after noting that the court lacked jurisdiction to hear an ERISA claim brought in the names of employee welfare plan entities as plaintiffs, granted the plans' *appellate*

motion, filed after the appellate oral argument, to join two members of the Board of Directors as fiduciary plaintiffs in order to establish jurisdiction. Id. at 1065 fn. 1; see also Bowles v. Reade, 198 F.3d 752, 761 (1999) (Ninth Circuit Court affirmed ERISA plans' amendment of complaint that added a trustee of the plans as a named party plaintiff in order to establish ERISA jurisdiction). Likewise, this Court should allow Steven DeCosta, as Chairperson of the Board of Trustees of the Mutual Aid Fund, to be substituted or joined as party plaintiff in order to eliminate any jurisdiction issue. Doing so resolves the technical standing issue and does not change the factual allegations of the Complaint.

D.   CONCLUSION.

For the above reasons and based on the above-cited authority, Plaintiff requests that this Motion be granted.

DATED: Honolulu, Hawaii, May 15, 2007.

_____
CHARLES A. PRICE
JAMES E. T. KOSHIBA
Attorneys for Plaintiff