ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ              1412
LAWRENCE I. KAWASAKI   5820
RONALD N.W.B. KIM    8306
820 Mililani Street, Suite 714
Honolulu, Hawai'i         96813
Telephone:   (808) 533-7434
Facsimile: (808) 545-3608

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, MUTUAL AID FUND TRUST, | ) ) ) ) | CIVIL NO. 03-00598 DAE/LEK |
| Plaintiff, | ) ) | DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUBSTITUTION OF REAL PARTY IN INTEREST; CERTIFICATE OF SERVICE |
| vs. | ) ) | |
| GARY W. RODRIGUES, | ) ) | Hearing: |
| Defendant. | ) ) ) ) ) ) | Date: June 20, 2007 Time: 9:30 a.m. Judge: Leslie e. Kobayashi (Trial: August 28, 2007) |
| _____ | ) | |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUBSTITUTION OF REAL PARTY IN INTEREST

I.  FACTS PRESENTED

The instant action was filed on October 31, 2003 in the name of "United Public Workers, AFSME Local 646, AFL-CIO, Mutual Aid Fund Trust" (hereinafter "Plaintiff") alleging generally claims against Defendant Gary W. Rodrigues (hereinafter "Rodrigues") for breaches of fiduciary duties under ERISA arising from certain "loans" made to Best Rescue Systems, Inc. made between November 1998 and September 1999.[1]

Rodrigues initially moved unsuccessfully to dismiss the action on the grounds that the instant action had not been properly authorized, inter alia.[2] Rodrigues' motion was denied on the grounds that, at that stage, there existed an

---

[1] As the claims alleged herein arose from "loans" made to Best Rescue Systems, Inc. made between November 1998 and September 1999, the limitations period on Plaintiff's claims expired between November 2001, and September 2005, depending on when the Mutual Aid Fund Trust had actual knowledge of the breaches alleged herein. 29 U.S.C. §1113 provides the following:

> **§1113. Limitation of actions**
> No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part [29 USCS §§1101 et seq.], with respect to a violation of this part [29 USCS §§1101 et seq.], after the earlier of -
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

[2] See, Defendant Rodrigues' Motion to Dismiss filed January 16, 2004.

issue of material fact as to whether the instant litigation was brought with proper authorization.[3]

At that time Plaintiff had taken the position that Elizabeth Ho, the AFSME-appointed Administrator of the UPW at the time, authorized the filing of the instant suit "on behalf of the Mutual Aid Fund" in November 2003, one month or more after it was actually filed, i.e., on October 31, 2003.[4]

On March 28, 2007 Rodrigues moved for summary judgment renewing his argument that the instant action had not been properly authorized by Plaintiff, inter alia.[5]

In its response Plaintiff argued that the instant suit was properly authorized by a duly appointed Administrator in 2003 and was subsequently authorized and ratified by Plaintiff's Board of Trustess in 2004.  Plaintiff's response, more importantly, also revealed that Plaintiff's trustees, including **current** Trustee

---

[3]  See, Order Denying Defendant's Motion to Dismiss Treated as a Motion for Summary Judgment filed herein on April 6, 2004.

[4]  See, Declaration of Dayton Nakanelua dated March 18, 2004, at ¶5, attached to Plaintiff's Memorandum in Opposition to Defendant Gary W. Rodrigues' Motion to Dismiss, Filed January 16, 2004 declaring, in relevant part, the following:

> 5.  AFSME-appointed Administrator Elizabeth Ho authorized the filing of the instant complaint on behalf of the Mutual Aid Fund against Mr. Rodrigues in November 2003. [....]

[5]  See, Defendant's Motion for Summary Judgment filed March 28, 2007, at pp.13-14.

Alison Leong had actual knowledge of all of the essential facts of the transactions underlying the claims/violations asserted herein since February 1999.[6]

Based on representations made in Plaintiff's Opposition to Defendant's Motion for Summary Judgment, i.e., that the instant suit has been brought in the name of and/or on behalf of "The Mutual Aid Fund, an ERISA-governed employee welfare plan," Rodrigues replied that he is entitled to summary judgment on the grounds that ERISA plans, like the "The Mutual Aid Fund," do not have standing as a matter of law to bring suit under ERISA.[7]

---

[6] See, Exhibits A, F, and Declarations of Alison Leong and George Yasumoto dated May 2, 2007, attached to Plaintiff's Opposition to Defendant's Concise Statement of Material Facts, filed May 4, 2007.  See, Montgomery v. Aetna Plywood, Inc., 956 F.Supp. 781 (NDIll 1996)(holding that actual knowledge is knowledge of the essential facts of the transaction or conduct constituting a violation).

See also, Declaration of Dayton Nakanelua dated May 1, 2007, at ¶8, attached to Plaintiff's Opposition to Defendant's Concise Statement of Material Facts, filed herein on May 4, 2007, declaring the following:

> 8.    Before becoming State Director in 2004, I was a member of the UPW staff since 1982, except for a stint as the Director or Deputy Director of the Department of Labor and Industrial Relations for the State of Hawaii from 1993 to May 1997. While a staff member, I attended numerous UPW Board meetings for the union's Executive Board or the boards of the union-sponsored welfare benefit plans. Generally, these boards invariably followed Mr.Rodrigues' recommendations and advice.

[7] See, Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, Filed March 28, 2007 (filed herein on May 11, 2007).

In response Plaintiff moved to strike Defendant's Reply[8], and thereafter moved "to substitute Steven DeCosta, in his representative capacity as Chairman of the Board of Trustees of the Mutual Aid Fund, as the real party in interest and party plaintiff or alternatively, pursuant to FRCP Rules 15, 19(a) and 20, to join Steven DeCosta, in his representative capacity as Chairperson of the Board of Trustees of the Mutual Aid Fund, as a party plaintiff[9].

## II.  Arguments

Rodrigues submits that amending the complaint at this time would be futile because based on Plaintiff's trustees' actual knowledge of all of the transactions underlying the claims/violations asserted herein since February 1999, the three year statute of limitations provided for in 29 U.S.C. §1113(2) expired in or about February 2001 long before the instant action was filed on October 31, 2003.

In addition, Rodrigues submits that amending the complaint at this time would be futile because it is undisputed that Elizabeth Ho, the AFSME-appointed Administrator of the UPW at the time, authorized the filing of the instant suit in

---

[8]  Defendant's Motion for Summary Judgment and Plaintiff's Motion to Strike Defendant's Reply are both scheduled to be heard before the Honorable David A. Ezra at 9:45 a.m., on July 23, 2007.

[9]  Plaintiff motion to substitute or join Steven DeCosta is intended to moot the issue of Plaintiff's standing and jurisdiction raised in Defendant's Reply of May 11, 2008.  Plaintiff's Motion for Substitution of Real Party in Interest, filed May 15, 2007.

November 2003, a month or more <u>after</u> it was actually filed, i.e., on October 31, 2003.  Cf., <u>Washington v. Occidental Chem. Corp.</u>, 24 F.Supp. 2d 713 (SDTex 1998)(holding that Plaintiff's standing to sue under 29 U.S.C. §1132 must be decided as of the time of filing of the lawsuit, not after filing of the lawsuit).[10]

For all of these reasons Defendant Rodrigues submits that the instant motion should be denied.  Cf., <u>Balser v. Department of Justice, Office of U.S. Trustee</u>, 327 F.3d 903, at n. 4 (9th Cir. 2003)(refusing to address a motion amend the pleadings to name the correct party where allowing a substitution of parties would be futile).

In the alternative, a determination on the instant motion should be continued until after the Court has ruled on Rodrigues' Motion for Summary Judgment which is scheduled to be heard on July 23, 2007.

DATED:   Honolulu, Hawai'i,   June 1, 2007   .

  /s/ Eric A. Seitz
ERIC A. SEITZ
LAWRENCE I. KAWASAKI
RONALD N.W.B. KIM

Attorneys for Defendant
Gary W. Rodrigues

---

[10]   Rodrigues would also note that Plaintiff has never moved to first extend the deadline for filing motions to join additional parties or to amend the pleadings which the court set for January 26, 2007.  Amended Scheduling Order filed January 17, 2007.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED PUBLIC WORKERS, ) <br> AFSCME LOCAL 646, AFL-CIO, ) <br> MUTUAL AID FUND TRUST, ) <br>              ) <br>      Plaintiff,   ) <br>              ) <br>   vs.       ) <br>              ) <br> GARY W. RODRIGUES,   ) <br>              ) <br>      Defendant.   ) <br> _____ ) | CIVIL NO. 03-00598 DAE/LEK <br><br> CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

     I DO HEREBY CERTIFY that one copy of the within was duly served this date electronically via CM/ECF to the following at the address listed below:

         JAMES E.T. KOSHIBA, ESQ.
         CHARLES A. PRICE, ESQ.
         KOSHIBA, AGENA & KUBOTA
         2600 Pauahi Tower
         1001 Bishop Street
         Honolulu, Hawaii 96813
         Email: cprice@koshibalaw.com

     Dated:   Honolulu, Hawaii,   June 1, 2007                 .

                                        /s/ Eric A. Seitz             
                                      ERIC A. SEITZ