

ORIGINAL

KOSHIBA AGENA & KUBOTA

JAMES E. T. KOSHIBA     768-0
CHARLES A. PRICE     5098-0
2600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No.: 523-3900
Facsimile No.: 526-9829
email: jkoshiba@koshibalaw.com
      cprice@koshibalaw.com

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 8 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, MUTUAL AID FUND TRUST, | ) ) ) ) | CIVIL NO. CV03-00598 DAE LEK |
| Plaintiffs, | ) ) ) | PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUBSTITUTION OF REAL PARTY IN INTEREST, FILED MAY 15, 2007; CERTIFICATE OF SERVICE |
| vs. | ) ) ) | |
| GARY RODRIGUES, | ) ) | HEARING: |
| Defendant. | ) ) ) ) ) | DATE:     June 20, 2007 TIME:     9:30 a.m. JUDGE:   Leslie E. Kobayashi |
| | ) | Trial Date:  August 28, 2007 |

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR
SUBSTITUTION OF REAL PARTY IN INTEREST, FILED MAY 15, 2007

Plaintiff UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, MUTUAL AID FUND TRUST ("Mutual Aid Fund") replies to the arguments raised in Defendant's Memorandum in Opposition, filed June 1, 2007, as follows:

1.    Rule 17 Allows Substitution.

As cited in Plaintiff's Motion for Substitution, FRCP Rule 17 expressly allows substitution and the 9th Circuit Court of Appeals has allowed board members to be substituted as named plaintiffs on behalf of employee welfare plans under similar circumstances.

2.    The Claims Are Not Barred By the Statute of Limitations.

Defendant raises for the first time a new statute of limitations defense in its Memorandum In Opposition. A statute of limitations defense is an affirmative defense that is waived if not properly asserted in an Answer, and Defendant has not asserted such a defense. FRCP Rule 8.

Moreover, the three year statute of limitations runs from the time of the discovery of essential facts supporting the claim. Here, the facts supporting (1) that Defendant failed to do adequate due diligence, (2) that Best Rescue was an under-capitalized start-up company with no real assets, product inventory, or sales, (3) that Defendant knew of Albert Hewitt's financial arrangement with Best Rescue resulting

in Best Rescue paying Mr. Hewitt monies out of the Mutual Aid Fund loans, and (4) the actual amounts of the various Mutual Aid Funds, were all facts not discovered until well within the statute of limitations period. Defendant has not presented any evidence to the contrary.

>           3.    The AFSCME-Appointed Administrator Properly Authorized
>                 the Filing of the Complaint.

Defendant argues that per the Declaration of Dayton Nakanelua at ¶ 5, filed January 16, 2004, it is undisputed that the AFSCME-appointed administrator, Elizabeth Ho, authorized the instant lawsuit in November 2003 and after it was filed on October 31, 2003. The reference to "November" is a mistake in the Nakanelua Declaration. As shown by the Exhibit "A" filed January 16, 2004, and specifically referenced in that very same paragraph 5, Ms. Ho "previously authorized our law firm [Koshiba firm] to bring the lawsuit on behalf of the MAF against Gary Rodrigues." Thus, Ms. Ho in fact authorized the suit before it was filed. Regardless, as shown in the opposition to the pending motion for summary judgment, the lawsuit was subsequently ratified by the newly elected MAF Board of Trustees in 2004.

>           4.    The Motion to Substitute Should Be Heard Before the Pending
>                 Motion for Summary Judgment.

The Court presumably scheduled the Motion for Substitution hearing first and continued the Motion for Summary Judgment hearing until later so that the substitution issue could be decided before the Motion for Summary Judgment.

For the above reasons and those previously argued, the Court should grant the Motion for Substitution.

DATED:  Honolulu, Hawaii, June 8, 2007.

JAMES E. T. KOSHIBA
CHARLES A. PRICE
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED PUBLIC WORKERS,        )    CIVIL NO. CV03-00598 DAE LEK
AFSCME, LOCAL 646, AFL-CIO,   )
MUTUAL AID FUND TRUST,        )    CERTIFICATE OF SERVICE
                              )
          Plaintiff,          )
                              )
     vs.                      )
                              )
GARY RODRIGUES,               )
                              )
          Defendant.          )
_____)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date noted below, a copy

of the foregoing  document was duly served upon the following by hand delivery,

addressed as follows:

ERIC A. SEITZ, ESQ.
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813

Attorney for Defendant
GARY RODRIGUES

DATED:  Honolulu, Hawaii, June 8, 2007.

_____
JAMES E.T. KOSHIBA
CHARLES A. PRICE
Attorneys for Plaintiff