# MINUTES

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 03-00598DAE-LEK |
| CASE NAME: | United Public Workers, et al. Vs. Gary W. Rodrigues |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 06/14/2007 | TIME: | |

COURT ACTION: EO: Court's Inclination Re Plaintiff's Motion for Substitution of Real Party in Interest, filed May 15, 2007.

The Court, having reviewed Plaintiff United Public Workers, AFSME Local 646, AFL-CIO, Mutual Aid Fund Trust's ("Plaintiff") Motion for Substitution of Real Party in Interest, filed May 15, 2007 ("Motion"), and Defendant Gary Rodrigues' ("Defendant") memorandum in opposition ("Opposition"), filed June 1, 2007, hereby informs the parties of its inclination to GRANT the Motion as indicated below.

On May 15, 2007, Plaintiff filed the instant Motion to substitute or join Steven DeCosta, Chairperson of the Board of Trustees of the Mutual Fund, as the real party interest and/or as an additional party plaintiff in order to moot the issue of ERISA standing and jurisdiction raised by Defendant.

On June 1, 2007, Defendant filed his Opposition. He argues that amending the Complaint would be futile at this time for two reasons. First, Plaintiff's trustees had actual knowledge of the transactions underlying the claims/violations since February 1999. The three year statute of limitations provided for in 29 U.S.C. § 1113(2) thus expired around February 2001, long before the commencement of this action on October 31, 2003. Second, it is undisputed that Elizabeth Ho, former AFME-appointed Administrator of the United Public Workers, authorized the filing of the instant action one month after it was actually filed even though standing should be determined at the time of the filing of the lawsuit. Defendant notes that Plaintiff never moved to extend the deadline for filing motions to join additional parties or amend the pleadings which the Court set for January 26, 2007. As an alternative to denial of the Motion, Defendant requests that the Court continue the Motion until after the district court rules on

Defendant's motion for summary judgment, which is set for hearing on July 23, 2007.

On June 8, 2007, Plaintiff filed a Reply. It argues three points. First, Rule 17 permits substitution and the Ninth Circuit allows board members to be substituted as named plaintiffs on behalf of employee welfare plans. Second, Defendant raised the statute of limitations defense for the first time in his Opposition. Because he did not raise it in his Answer, he has waived it. Plaintiff additionally asserts that all the facts that would charge Plaintiff with the requisite knowledge for the statute of limitations to run were not discovered until well within the limitations period. Third, Ms. Ho authorized the suit before it was filed because the Nakanelua declaration, relied upon by Defendant, incorrectly states that Ms. Ho authorized the suit in November 2003. Moreover, the Mutual Fund Board of Trustees ratified the lawsuit in 2004. Last, Plaintiff addresses Defendant's request to continue the instant Motion until after Judge Ezra rules on the Motion for Summary Judgment by pointing out that the Court presumably intended for the instant Motion to be resolved first.

To remedy the lack of standing issue raised by Defendant, Plaintiff seeks to substitute DeCosta as the real party in interest. Federal Rule of Civil Procedure 17(a) provides, in relevant part:

> Every action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a). "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997). In the absence of a showing of prejudice, negligence is not, per se, a bar to substitution. Maddalone v. Okada Shosen, KK, 756 F.2d 886, 887 (1st Cir. 1985). The Court is inclined to find that a grant of Plaintiff's request will resolve the standing/jurisdiction issue and will not change the factual allegations of the complaint.

Insofar as the deadline for amending the pleadings was January 26, 2007, however, Plaintiff must move to amend the scheduling order in order to amend their Complaint. A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the motion should be denied. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th

Cir. 1992)).  Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent.  See Johnson, 975 F.2d at 609.  The Court is inclined to find that Plaintiff has demonstrated good cause and diligence as Plaintiff represents that it was first aware of the standing issue when Defendant raised it in his Reply to his motion for summary judgment.

     Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause
undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings.  See Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted).  Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive factor.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).  The party opposing the motion for leave to amend bears the burden of establishing prejudice.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing Beeck v. Aqua-slide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977)).  The Court is inclined to find that Defendant has not established prejudice.

     "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).  The Court is not inclined to find that futility has been established as required by law.  Rather, it is inclined to find that it is more appropriate for these arguments to be decided on their merits, such as in a motion for summary judgment.

     Lastly, the Court is inclined to deny Defendant's request to continue the hearing on the Motion until after July 23, 2007 in that such a continuance would not be in the interest of judicial economy.

     The parties should appear at the June 20, 2007 hearing prepared to discuss these issues and/or to direct the Court to controlling case law that either supports or contradicts this matter.  The Court notes, this inclination is intended only to help the parties prepare for oral argument and is not the Court's final decision in the matter.  Rather, the parties are encouraged to raise relevant case law and/or facts to show the Court why its inclination is mistaken or correct.

Submitted by: Warren N. Nakamura, Courtroom Manager