IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED PUBLIC WORKERS, AFSCME LOCAL 646, AFL-CIO, MUTUAL AID FUND TRUST,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>GARY W. RODRIGUES,<br><br>　　　　　　Defendant. | CIVIL NO. 03-00598 DAE/LEK<br><br>MEMORANDUM IN SUPPORT |

MEMORANDUM IN SUPPORT

I.   Facts Presented

Plaintiff "United Public Workers, AFSME Local 646, AFL-CIO, Mutual Aid Fund Trust" filed the instant action on October 31, 2003 against Defendant Gary W. Rodrigues (hereinafter "Rodrigues") seeking an award of money damages for losses arising from certain investments made in Best Rescue Systems, Inc. (hereinafter "Best Rescue Systems") between November 1998 and September 1999. All of the claims herein are brought under the "Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. (hereinafter "ERISA")."

Rodrigues answered the complaint alleging, in relevant part, that (1) "[t]he

Complaint fails to identify and name parties that are indispensable to a fair, just, and complete resolution of any of the claims set forth therein;" (2) [t]he Complaint was filed without proper authorization, and the Court therefore lacks subject matter jurisdiction," and; (3) "[a]ny alleged acts and/or omissions of Defendant Rodrigues were ratified and approved by the duly constituted Board of Trustees of Plaintiff [...]"

On January 16, 2004 Rodrigues moved to dismiss the instant action on the grounds that the instant suit was not properly authorized, and that all of the investment decisions herein were made by the duly authorized Trustees of the Mutual Aid Fund, i.e., officers and Executive Board members of UPW, not by Rodrigues, inter alia.

Plaintiff responded with an affidavit of Dayton Nakanelua dated March 18, 2004, stating that the instant suit had been authorized by then AFSME-appointed administrator of the Mutual Aid Fund, Elizabeth Ho in November 2003, one month after the instant complaint was filed, and that Mr. Nakanelua, the current State Director of UPW and Plan Administrator of the Mutual Aid Fund ratified the instant action thereafter. Plaintiff therein alleged, for the first time, that prior to his suspension from his position as the State Director of UPW, Rodrigues "essentially" controlled the Board of Trustees of the Mutual Aid Fund.

By order filed April 6, 2004, this Court denied Rodrigues' motion to dismiss on the grounds that there were issues of material fact which the Court could not resolve "<u>at this stage</u>," without more evidence.

In the instant case it is undisputed that Albert A. Hewitt had been serving as the Mutual Aid Fund's investment advisor in connection with the investments which form the bases for Plaintiff's claims, and since the inception of this litigation the parties had been attempting to depose Mr. Hewitt. Due to delays arising from litigation of other claims against Mr. Hewitt arising from his involvement with Best Rescue, <u>inter alia</u>, Mr. Hewitt's deposition could not be taken until March 6, 2007. Mr. Hewitt's deposition was critical to determining what additional discovery, if any, would be needed for Defendant to prepare for trial.

    A.    <u>Defendant's Motion for Summary Judgment filed March 28, 2007</u>

Based on Mr. Hewitt's deposition testimony, on March 28, 2007 Rodrigues moved for summary judgment in his favor arguing that the evidence on the record fails to establish that Rodrigues ever acted as a "fiduciary," and renewing his argument that the instant action was initiated without proper authorization, <u>inter alia</u>.

Plaintiff filed its opposition on May 4, 2007 reiterating its argument

3

that the AFSME-appointed Administrator at the time had authorized the filing of the instant suit <u>on behalf of The Mutual Aid Fund</u>.  In its opposition, Plaintiff, for the first time, disclosed that Plaintiff's current Board of Trustees ratified the instant litigation on May 23, 2004 and also identified two former trustees, i.e., Alison Leong and George Yasumoto, who "invariably and uncritically followed Rodrigues' recommendations and advice" in connection with the Best Rescue Systems transactions.[1]  Plaintiff's revelations also revealed that the current Board of Trustees that had ratified the instant action on May 23, 2004 included at least one trustee who was also a sitting trustee when the investments in Best Rescue Systems were originally made, i.e., Alison Leong.

       In reply Rodrigues' pointed out that ERISA plans, like the "Mutual Aid Fund  Trust" do not have standing to bring suit under ERISA as a matter of law, and that in light of the admitted breaches[2] of certain former trustees/fiduciaries Plaintiff has failed to name indispensable parties in this action, <u>inter</u> <u>alia</u>.

---

[1] Under ERISA **all fiduciaries, including named trustees**, are obligated to discharge their duties "solely in the interests of the participants and beneficiaries."  See, 29 U.S.C. §§1102(21)(A)(iii), and 1104.

[2] See, note 1, <u>Id</u>.

On May 14, 2007 Plaintiff responded to Rodrigues' reply with a motion to strike on the grounds that the reply raised new arguments and authority not raised in Rodrigues' motion filed March 28, 2007. In an effort to moot Rodrigues' standing argument, on May 15, 2007 Plaintiff moved to substitute Steven DeCosta, the Chairperson of Plaintiff's current Board of Trustees, as the named plaintiff and real party in interest.

Rodrigues opposed Plaintiff's motion to substitute on the grounds that, under the circumstances herein, substituting the name of the party plaintiff would be futile because the recently disclosed admission of current Trustee Alison Leong showed that Plaintiff had actual knowledge of all of the essential facts of the transactions herein since February 1999, and, accordingly, the Complaint filed on October 31, 2003, is barred by the three year statute of limitations provided in 29 U.S.C.S. §1113.

After a hearing on June 20, 2007, Plaintiff's motion to substitute Mr. DeCosta as the plaintiff and real party in interest was granted, and in light of the substantive issues raised by new revelations contained in Plaintiff's recent pleadings, the Magistrate urged Rodrigues to move to continue trial, compel discovery, modify the Rule 16 Scheduling Order, and/or for a continuance pursuant to Rule 56(f).

Rodrigues' motion for summary judgment currently is scheduled for hearing before this Court on July 23, 2007, and trial is scheduled to commence on August 28, 2007. As of this date the only discovery conducted in this case has been the deposition of Mr. Hewitt.

II.   Arguments

In light of the recent revelation by former Trustees Alison Leong and George Yasumoto[3] that they <u>and other trustees</u> admittedly ratified Rodrigues' recommendations, i.e., "invariably and uncritically followed Rodrigues' recommendations and advice," in connection with the Best Rescue Systems transactions, Rodrigues submits that further discovery of these and other former trustees as to the nature and extent of the actions, if any, personally taken by Rodrigues to "control" them is necessary for a proper determination of whether Plaintiff is entitled to a trial on its claims against Defendant. <u>Cosgrove v. Circle K Corp.</u>, 884 F.Supp. 350 (DC AZ 1995)(granting summary judgment for CEO of plan sponsor where the record was devoid of any actions personally taken by CEO to control or unduly influence the Plan trustee's decisions). Discovery also is necessary to determine whether these and/or other former trustees are themselves

---

[3] See, Declarations of Alison Leong and George Yasumoto, attached to Plaintiff's Opposition to Defendant's Concise Statement of Material Facts.

liable for actionable breaches of duties under ERISA and need to be joined for a just and fair adjudication of the claims, and to avoid the need for piecemeal litigation of Plaintiff's claims.  See, Gruby v. Brady, 838 F.Supp. 820 (S.D.N.Y. 1993)(holding that elements of a cause of action for knowing participation in a breach of a fiduciary duty include: (1) breach by a fiduciary of a duty owed to plaintiff; (2) defendant's knowing participation in the breach; and (3) damages.); note 1, supra.; see also, 29 U.S.C.S. §1105 ("Liability for breach by co-fiduciary").

Further discovery as to the nature and extent of the current Board of Trustees' knowledge of the transactions also will allow the Court to properly determine whether Plaintiff's claims are barred by the applicable statute of limitations.

III.   Conclusion

For all of the reasons set forth above Defendant submits that the instant motion should be granted and Defendant be given leave to withdraw his motion for summary judgment filed March 28, 2007, without prejudice,  with leave to

/

/

/

/

refile a dispositive motion after the completion of additional discovery.

DATED:   Honolulu, Hawai'i,   July 6, 2007   .


   /s/ Eric A. Seitz
ERIC A. SEITZ
LAWRENCE I. KAWASAKI

Attorneys for Defendant
Gary W. Rodrigues