

ORIGINAL

KOSHIBA AGENA & KUBOTA

JAMES E. T. KOSHIBA          768-0
CHARLES A. PRICE             5098-0
2600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No.: 523-3900
Facsimile No.: 526-9829
email: jkoshiba@koshibalaw.com
       cprice@koshibalaw.com

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 16 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, MUTUAL AID FUND TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>GARY W. RODRIGUES,<br><br>Defendant. | CIVIL NO. CV03-00598 DAE LEK<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL AND FOR MODIFICATION OF RULE 16 SCHEDULING ORDER, FILED JULY 6, 2007; CERTIFICATE OF SERVICE<br><br>Hearing<br>Date: August 1, 2007<br>Time: 9:30 a.m.<br>Judge: Leslie E. Kobayashi<br><br>(Trial Date: August 28, 2007) |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO CONTINUE TRIAL AND FOR
MODIFICATION OF RULE 16 SCHEDULING ORDER, FILED JULY 6, 2007

Plaintiff Steven DeCosta, in his representative capacity on behalf of the United Public Workers, AFSCME, Local 646, AFL-CIO, Mutual Aid Fund Trust ("Mutual Aid Fund") respectfully requests that Defendant Gary W. Rodrigues' ("Rodrigues") Motion to Continue Trial and for Modification of Rule 16 Scheduling Order, filed July 6, 2007, be granted and denied in part. The Mutual Aid Fund does not oppose a short continuance of this trial for the limited purpose of taking newly substituted party Steven DeCosta's deposition. But, the discovery deadline should not be continued for the purpose of taking any other discovery because Rodrigues has failed to specifically identify (1) what discovery he intends to take, (2) why the discovery is relevant to a viable defense, and (3) why the discovery could not have been taken earlier and within the original deadline. In short, good cause does not exist for any additional discovery other than the deposition of Steven DeCosta.

I.  SUBSTANCE OF THE ACTION

The Mutual Aid Fund is an employee welfare benefit fund under ERISA. It is a voluntary contribution plan that provides hospitalization benefits for participating employees and their dependents. Contributions to the Mutual Aid Fund are made by employees represented by the United Public Workers, AFSCME,

LOCAL 646, AFL-CIO ("UPW").

While Rodrigues was the Plan Administrator of the Mutual Aid Fund, he breached his fiduciary duties by imprudently and without adequate due diligence causing the Mutual Aid Fund to make $1.1 million in unsecured loans to a risky, small, under-capitalized, start-up company in Florida called Best Rescue Systems, Inc. ("Best Rescue") between November 1998 and November 1999. Best Rescue wanted to manufacture high-rise building fire rescue systems. Rodrigues arranged the loans through an investment advisor, Albert Hewitt, who received a finder's fee of approximately $55,000 in connection with the loans. Best Rescue failed to repay the loans and the Mutual Aid Fund lost $1.1 million plus interest.

Rodrigues did not seek or obtain the Mutual Aid Fund's Board of Trustees' approval before making the loans to Best Rescue, did not discuss the loan terms or the total investment amount with the Trustees before the loans were made, and there was no vote on the loans by the Trustees. *See* Plaintiff's Memorandum In Opposition, filed May 4, 2007, and incorporated herein by reference.

II.   PROCEDURAL HISTORY

This action was initiated on October 31, 2003. Rodrigues moved to dismiss on January 16, 2004, arguing that (1) the lawsuit was not authorized by the Mutual Aid Fund's Board of Trustees and (2) all investment decisions were made by

the Mutual Aid Fund's Trustees, not Rodrigues. Plaintiff responded in its Memorandum in Opposition, filed March 18, 2004, that (1) the lawsuit was authorized by an Administrator appointed to take over UPW and its welfare benefit plans after the guilty verdict was entered against Rodrigues in November 2002 and (2) while Rodrigues was State Director, Rodrigues essentially controlled UPW and its union-sponsored welfare benefit plans and the welfare benefit plan boards invariably followed Rodrigues' recommendations and advice. On April 6, 2004, the Court denied Rodrigues' Motion to Dismiss.

Thereafter, the trial in this case was repeatedly continued because the parties could not take the deposition of Albert Hewitt. Mr. Hewitt was the investment advisor involved in the Best Rescue loans and he was facing criminal charges in connection with the loans. After the Hewitt criminal proceedings resolved, Mr. Hewitt's deposition was finally taken on March 6, 2007.

On March 28, 2007, Rodrigues moved for summary judgment, arguing that he did not owe fiduciary duties to the Mutual Aid Fund because he was acting merely in a "ministerial" capacity. On May 4, 2007, Plaintiff responded by arguing that Rodrigues did in fact act in a fiduciary capacity, not merely a "ministerial" one, as evidenced by the fact that, among other things, Rodrigues did not seek or obtain the Mutual Aid Fund's Board of Trustees' approval before making the loans to Best

Rescue, he did not discuss the loan terms or the total investment amount with the Trustees before the loans were made, and there was no vote on the loans by the Trustees.

On May 11, 2007, Rodrigues filed a Reply Memorandum that argued for the first time that the Mutual Aid Fund lacked standing under ERISA to prosecute the action in its own name. On May 15, 2007, Plaintiff responded by filing a motion to substitute or join Steven DeCosta, in his capacity as the current Chairman of the Mutual Aid Fund's Board of Trustees, as a party plaintiff on behalf of the Mutual Aid Fund. The Court granted the motion on June 20, 2007.

On July 6, 2007, Rodrigues filed the instant motion to continue the trial in order to allow time for additional discovery. The motion does not specifically identify (1) what discovery Rodrigues intends to take, (2) why the discovery is relevant to a viable defense, and (3) why the discovery could not have been taken earlier and within the original deadline.

### III.   ARGUMENT

The Mutual Aid Fund does not oppose a <u>short</u> continuance of this trial for the <u>limited</u> purpose of taking newly substituted party Steven DeCosta's deposition, but the discovery deadline should not be re-opened generally. From the inception of this case, Rodrigues has sought to blame the then-Trustees or claimed

that the then-Trustees approved the loans. Plaintiff has always responded that Rodrigues is responsible for his own actions and any allegations regarding the then-Trustees does not exonerate him, provide a viable defense, or relieve him of culpability. To the extent any viable defense exists based upon the then-Trustees' role, if any, in connection with the Best Rescue loans, Rodrigues himself knew the facts and circumstances and should have asserted such defenses and pursued any necessary discovery to support the defenses since the inception of the case in 2003. He did not do so. Instead, he made the strategic decision to hold fast to his defense that he owed no fiduciary duties to the Mutual Aid Fund and did not pursue the discovery.

The discovery regarding the then-Trustees could have been taken at any time. The discovery could have been taken after the case was filed in 2003, after the Motion to Dismiss was denied in 2004, after the Hewitt deposition in March 2007, or after Plaintiff's Memorandum In Opposition was filed on May 4, 2007. No good reason or excuse has been provided as to why this discovery was not taken earlier, and the Court should be reluctant to re-open these proceedings and change all deadlines based upon feigned "surprise." To the extent there was any true surprise, there was plenty of time before the discovery cut off and trial to seek appropriate discovery, and none was sought.

IV.  CONCLUSION

For the above reasons, Plaintiff requests that the Motion to Continue Trial and for Modification of Rule 16 Scheduling Order be granted and denied in part consistent with the above.

DATED: Honolulu, Hawaii, July 16, 2007.

_____
CHARLES A. PRICE
JAMES E. T. KOSHIBA
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, MUTUAL AID FUND TRUST, | ) ) ) ) | CIVIL NO. CV03-00598 DAE LEK<br><br>CERTIFICATE OF SERVICE |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| GARY RODRIGUES, | ) ) | |
| Defendant. | ) ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date noted below, a copy of the foregoing document was duly served upon the following by hand delivery addressed as follows:

ERIC A. SEITZ, ESQ.
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813

Attorney for Defendant
GARY RODRIGUES

DATED: Honolulu, Hawaii, July 16, 2007.

_____
JAMES E.T. KOSHIBA
CHARLES A. PRICE
Attorneys for Plaintiff