

**American Federation of State, County and Municipal Employees, AFL-CIO**

General Counsel's Office
1101 17th Street, N.W.
Suite 1210
Washington, D.C. 20036
Telephone (202) 775-5900
Facsimile (202) 296-5279

May 12, 1994

Gerald W. McEntee
International President

William Lucy
International Secretary-Treasurer

John C. Dempsey
Larry P. Weinberg
General Counsel

Robert D. Lenhard
Neil L. Ditchek
Margaret A. McCann
Gloria C. Peele
Associate General Counsel

Gary Rodrigues, State Director
UPW Local 646, AFSCME, AFL-CIO
1426 N. School Street
Honolulu, Hawaii 96817



Dear Gary:

    I have reviewed the Declaration of Trust for the UPW Local 646 Mutual Aid 501(c)(9) Trust with regard to the question you raised concerning the ability of the trustees to invest in types of investments other than banks and savings and loans that are federally insured. Based on that review, I see nothing in the Trust which would limit the trustees to investing funds of the Trust in banks and savings and loans.

    Section 14 of the Trust lists the powers of the trustees. While subsection (b) of that section provides that the trustees have the power to "deposit any money of the Trust in a bank or banks or a savings and loan institution selected by the trustees," there are several other provisions dealing specifically with the issue of investment which make it clear that subsection (b) refers only to what is to be done with funds immediately upon their receipt by the Trust, and that it is not intended to limit the investment decisions of the trustees thereafter. For example, subsection (h) gives the trustees the power to "invest or reinvest any part of the principal and income of the Trust, not required for current expenditures or reserves, in real and/or personal property." Subsection (i) provides in part that the trustees may "sell from time to time any securities of the Trust." Subsection (j) empowers the trustees to "sell, exchange, lease, convey, or otherwise dispose of any property of the Trust." Subsection (k) gives the trustees power to "vote upon any stocks, bonds or other securities of any corporation or other issuer at any time held in the Trust." Finally, subsection (n) authorizes the trustees to "delegate its investment powers to investment counselors acting as investment agents of the trustees, provided that the purchase and sale of any securities by such agent shall be in a name selected by the trustees." Based on the foregoing, it is clear that the trustees have the power to make any investments which are consistent with their fiduciary duty as trustees and the requirements of the

*in the public service*    EXHIBIT 2

Gary Rodrigues, State Director
May 12, 1994
Page Two

Internal Revenue Code and ERISA. If these obligations are met, there is no reason that those investments would have to be limited to banks and savings and loans.

The only other provision of the Trust document which might even arguably operate as a limitation on the authority of the trustees is Section 26, which provides that, in the event of a conflict between the Trust and the Constitution and Bylaws of UPW, the latter will prevail. However, even if the Constitution and Bylaws of UPW require that the funds of UPW be deposited in a bank or savings and loan which is federally insured, I would not interpret that to be a prohibition on other secure investments, as long as the funds are deposited in a bank upon their receipt. Moreover, if there is such a requirement in the UPW Constitution and Bylaws, in my opinion it would not be applicable to the Trust in any event.

If you have any other questions concerning this matter, please give me a call.

Sincerely,

Larry P. Weinberg