

**ORIGINAL**

KOSHIBA AGENA & KUBOTA

JAMES E. T. KOSHIBA      768-0
CHARLES A. PRICE         5098-0
2600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone No.: 523-3900
Facsimile No.: 526-9829
email: jkoshiba@koshibalaw.com
       cprice@koshibalaw.com

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
NOV 08 2007
at 3 o'clock and 30 min. P.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEVEN DECOSTA IN HIS REPRESENTATIVE CAPACITY AS CHAIRPERSON OF THE BOARD OF TRUSTEES OF UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, MUTUAL AID FUND TRUST, REAL PARTY IN INTEREST UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO,<br><br>Plaintiffs,<br><br>vs.<br><br>GARY W. RODRIGUES,<br><br>Defendant. | CIVIL NO. CV03-00598 DAE LEK<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT; DECLARATION OF COUNSEL; EXHIBITS "0" - "16"; DECLARATION OF DAYTON NAKANELUA; EXHIBITS "A" - "F"; DECLARATION OF ALISON LEONG; DECLARATION OF GEORGE YASUMOTO; CERTIFICATE OF SERVICE<br><br>(Trial: March 11, 2007) |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS

Plaintiff United Public Workers, AFSCME, Local 646, AFL-CIO, Mutual Aid Fund Trust ("Mutual Aid Fund"), hereby submits the following opposition to Defendant's Concise Statement of Material Facts In Support of Defendant's Renewed Motion for Summary Judgment.

| Defendant's Alleged Undisputed Facts | Plaintiff's Opposition and Support |
|---|---|
| 1. The Mutual Aid Fund Trust was created pursuant to the "Declaration of 501(c)(9) Trust by UPW Local 646, AFSCME, AFL-CIO" executed on July 27, 1984. | Rodrigues' evidentiary support is not properly authenticated. Hearsay. |
| 2. There has been no definitive determination that the Mutual Aid Fund Trust is covered by E.R.I.S.A. | The Mutual Aid Fund is an employee welfare benefit plan established and maintained by UPW, and is not a governmental plan. |
| 3. Rodrigues was informed that nothing limited the M.A.F. to invest its' funds in banks and savings and loans. | Rodrigues' evidentiary support is not properly authenticated. Hearsay. This did not mean or intend that Rodrigues could imprudently invest Mutual Aid Fund monies. |
| 4. At its meeting on June 21, 1994, the M.A.F. trustees authorized a minimum investment of $500,000.00 to be processed through "The Hewitt Company." | Rodrigues' evidentiary support is not property authenticated. Hearsay. This allegation is not relevant because the Mutual Aid Fund loans to Best Rescue were made from November 1998 to November 1999. |

5. At the time he was retained by the M.A.F. Mr. Hewitt was affiliated with Smith Barney, a well known and highly reputable investment firm, and who was highly recommended on the basis of his investment services to other entities.

Plaintiffs are unsure of Mr. Hewitt's affiliation at the time of his retention or of any recommendations.

6. On or about September, 1999, when Best Rescue defaulted on payments owned on their promissory notes, by letter datd December 15, 1999, Rodrigues requrested that all of M.A.F.'s investments in Best Rescue, including interest, be returned.

Rodrigues requested that the Mutual Aid Fund loans be repaid by letter memo December 15, 1999.

7. On January 31, 2000 the M.A.F. filed a lawsuit against Best Rescue for defaulting on amounts owed on promissory notes aggregating $1,100,000 as of December 31, 1999.

AFSCME retained lawyers filed a lawsuit on behalf of the Mutual Aid Fund against Best Rescue on January 31, 2000.

8. The M.A.F. contends that Elizabeth Ho authorized the filing of the instant complaint on behalf of the M.A.F. in November, 2003, and the instant complaint was filed on October 23, 2003.

AFSCME-appointed Administrator Elizabeth Ho authorized the filing of the instant lawsuit. TheComplaint was filed on October 31, 2003. Mr. Nakanelua's Declaration saying "November 2003" is mistaken by one day.

9. Pursuant to a stipulated protective order filed July 31, 2007, Plaintiff disclosed that the amount of its settlement of claims against Albert Hewitt via a copy of a settlement check dated October 6, 2000.

Rodrigues' evidentiary support is not properly authenticated. Hearsay. The confidential settlement was with Albert Hewitt's insurer.

| | |
|---|---|
| 10. Steven DeCosta testified at his oral deposition taken on September 28, 2007. | Agreed, although the deposition date is not a relevant fact. |
| 11. Current M.A.F. trustees Alison Leong and Craig Yugawa were serving as M.A.F. trustees in February 1999. | Agreed as to Alison Leong only. Craig Yugawa is not a current trustee. |
| 12. By June 1999 M.A.F. trustees knew of the trust's investment of $250,000 and its terms at the time of their meeting on June 19, 1999, and that the M.A.F. was paying UPW "a monthly fee of $2,000 for processing member claims, rent, computer maintenance, supplies and utilities." | On June 19, 1999, the trustees received a document referencing the $250,000 loan and loan terms. Rodrigues' cited evidentiary support does support the alleged action regarding a $2,000 fee. |
| 13. On January 31, 2000 the M.A.F. filed a law suit against Best Rescue arising from the transactions which form the bases for Plaintiff's claims. | A lawsuit was filed to collect the $1.1 million from Best Rescue on January 31, 2000. The facts supporting the Best Rescue suit are not the same as this suit. |
| 14. Albert Hewit testified at his oral deposition taken by telephone on March 6, 2007. | Agreed, although the deposition date is not a relevant fact. |
| 15. George Yasumoto testified at his oral deposition taken on September 28, 2007. | Agreed, although the deposition date is not a relevant fact. |
| 16. Alison Leong testified at her oral deposition taken on September 28, 2007. | Agreed, although the deposition date is not a relevant fact. |

| | |
|---|---|
| 17. Dayton Nakanelua testified at his oral deposition taken on October 16, 2007. | Agreed, although the deposition date is not a relevant fact. |

DATED: Honolulu, Hawaii, November 8, 2007.

_____
CHARLES A. PRICE
JAMES E. T. KOSHIBA
Attorneys for Plaintiffs