# SECURED PROMISSORY NOTE

$100,000.00

November 22, 1999

FOR VALUE RECEIVED, BEST RESCUE SYSTEMS, INC. (referred to herein as the "Maker"), promises to pay to the order of UNITED PUBLIC WORKERS MUTUAL AID FUND, Honolulu, Hawaii (the "Holder") in the manner hereinafter specified, the principal sum of One Hundred Thousand and No/100 Dollars ($100,000), plus interest at the rate of eighteen percent (18%) per annum simple interest in the manner set forth below:

(a) The Maker shall pay accrued interest monthly on or before the first day of each month beginning December 22, 1999 and continuing on the same day of each successive month thereafter until the principal balance is paid in full; and

(b) The principal balance and unpaid accrued interest due under this Promissory Note shall be due within (10) days of demand by Holder, such demand may be made at any time after January 1, 2000.

Principal may be repaid or paid in advance, in whole or in part, at any time without premium or penalty. Each payment including any advance payment, shall be applied first to accrued interest and then to the outstanding principal balance.

This Promissory Note is payable at the address of Holder or as Holder may designate from time to time in writing to the Maker.

Should any event of default occur (as hereinafter defined), then the remaining unpaid principal balance shall become immediately due and payable at the option of the Holder hereof upon demand, and interest shall accrue and be payable from the date of this Promissory Note until the entire principal sum is paid in full. Holder's failure to exercise said option shall not operate as a waiver of the right to exercise it in the event of a continuing or subsequent default.

All other persons who are or may become liable for all or any part of the indebtedness evidenced by this Promissory Note hereby severally consent to any and all renewals, extensions, or modifications of the terms hereof, including time for payment, and further agree that any such renewals, extensions or modifications of the terms hereof shall not affect the liability of any of said parties for the indebtedness evidenced by this Promissory Note. Any such renewals, extensions or modifications may be made without notice to any said parties and without affecting any such person's liability hereunder.

Any delay by the Holder hereof in exercising any power or right hereunder shall not operate as a waiver thereof, nor shall the exercise of any single or partial right hereunder create any other or further exercise thereof or exercise of any other power or right, nor shall the Holder hereof be liable for exercising or failing to exercise any such power or right. The rights, remedies and benefits herein specified are cumulative and not exclusive of any rights, remedies or benefits which the holder hereof otherwise may have.

**EXHIBIT 13**

The maker and all persons who are able or may become liable on this Promissory Note agree to pay all costs of collection, including reasonable attorney fees, paralegal fees, law clerk fees and other legal costs and expenses, in the event any payment of principal required herein is not paid when due, whether suit be brought or not, and whether through courts of original jurisdiction, courts of appellate jurisdiction or through a bankruptcy court or other legal proceedings.

The Maker and all persons who are or may become liable on this Promissory Note agree that all obligations under this Promissory Note shall be joint and several.

This Promissory Note may not be amended or modified nor shall any waiver of any provision hereof be effected, except by an instrument in writing which is signed by the part against whom enforcement of any waiver, amendment or modification is sought.

The Maker and all persons who become liable on this Promissory Note agree that this instrument and performance hereunder shall be governed by and construed in accordance with the laws of the State of Florida, and that in the event of any legal or equitable action arising under this instrument, jurisdiction and venue of such action shall lie exclusively within the state courts of Florida, located in Orange County, Florida, and the parties hereto specifically waive any other jurisdiction and venue.

This Promissory Note is secured by that certain Security Agreement between Holder and Maker hereof dated November 24, 1998 (the "Security Agreement").

The following constitute events of default under this Promissory Note: (a) Maker's failure to make any payment within five (5) days of the date due hereunder; (b) a breach of any covenant, condition, or agreement in this Promissory Note or the Security Agreement of the Letter of intent between Maker and Albert Hewitt, The Hewitt Company, as duly authorized representative of an investor, dated November 24, 1998; (c) Maker's transfer, assignment, conveyance, sale, pledge or disposition of all or a substantial portion of Maker's assets; (d) Maker's filing of a voluntary petition in bankruptcy or Maker's filing of any petition seeking or acquiescing in relief under present or future federal, state, or other statute, law or regulation relating to bankruptcy or insolvency or other relief from creditors; and (e) Maker's making of any general assignment for the benefit of creditors or its admission of its inability to pay its debts generally as they become due.

IN WITNESS WHEREOF, Maker has executed this Promissory Note as of the date and year first stated above.

BEST RESCUE SYSTEMS, INC.

_____
Albert Hewitt, The Hewitt Company
serving as Management and Signor for
Best Rescue Systems, Inc.