ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ          1412
LAWRENCE I. KAWASAKI    5820
820 Mililani Street, Suite 714
Honolulu, Hawai'i      96813
Telephone: (808) 533-7434
Facsimile: (808) 545-3608

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| STEVEN DE COSTA, in his representative capacity as Chairperson of the Board of Trustees of United Public Workers, AFSCME Local 646, AFL-CIO, Mutual Aid Fund Trust, Real Party in Interest, United Public Workers, Local 646, AFL-CIO,<br><br>                    Plaintiff,<br><br>      vs.<br><br>GARY W. RODRIGUES,<br><br>                    Defendant. | CIVIL NO. 03-00598 DAE/LEK<br><br>DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW; CERTIFICATE OF SERVICE<br><br>(Trial: February 29, 2008) |

DEFENDANT'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW

(1)    Plaintiff Steven DeCosta is the current Chairperson of the

Board of Trustees of the Mutual Aid Fund Trust (hereinafter "M.A.F.") which is a voluntary contribution plan that provides hospitalization and related benefits for participating employees represented by the United Public Workers, AFSCME, Local 646, AFL-CIO.

(2) Defendant Gary W. Rodrigues is and has been a resident of the State of Hawaii and was the duly elected State Director of United Public Workers, AFSCME, Local 648, AFL-CIO at all times pertinent hereto.

(3) In the instant action, Plaintiff alleges claims against Defendant for violations of provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C.S. §§1001 et seq. (hereinafter "ERISA").

(4) Pursuant to 29 U.S.C.S. §1003(b) ERISA does not apply to employee benefit plans which constitute a "governmental plan."

(5) Pursuant to 29 U.S.C.S. §1002(32), a "governmental plan" exempt from ERISA includes a plan established or maintained for its employees by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the forgoing.

(6) Plaintiff's claims allege Defendant breached certain fiduciary duties under ERISA, i.e., 29 U.S.C.S. §1004(a)(1)(A) ("Prudent man standard of care"); 29 U.S.C.S. §1105 ("Liability for breach by co-fiduciary"), and; 29

U.S.C.S. §1106(a)(1)(D) ("Transactions between plan and party in interest") with respect to certain investments of M.A.F. funds in Best Rescue Systems, Inc., Orlando, Florida from November 1998 until December 1999.

(7)    No competent evidence has been adduced at trial showing that M.A.F. is an ERISA plan and/or not an exempt "governmental plan."

(8)    As the Declaration of the Mutual Aid Fund Trust (hereinafter "Trust Plan") expressly assigns the power to invest M.A.F.'s funds exclusively to its duly named Trustees, Plaintiff's claims cannot be based on Defendant being a "name fiduciary" pursuant to 29 U.S.C.S. §1102.

(9)    Plaintiff has presented no evidence showing that the M.A.F. Trustees ever delegated and/or assigned such power to Defendant pursuant to the powers and procedures specified in the Trust Plan.

(10)    Accordingly, Plaintiff's claims are contingent on establishing that Defendant acted as a "fiduciary" pursuant to 29 U.S.C. §1002(21)(A) with respect to the investments which form the bases for the instant action by authorizing the investments regarding Best Rescue Systems, Inc. without consulting with or obtaining the approval from the M.A.F. Trustees, and/or "controlled" the M.A.F. Trustees in connection with the investments herein.

(11)    It is undisputed that the M.A.F. retained the United Public

Workers, AFSCME, Local 648, AFL-CIO (hereinafter "U.P.W.") to process member claims, and to provide office space, computer maintenance, supplies and utilities pursuant to an administrative services agreement between the M.A.F. and the U.P.W. at all times relevant herein.

(12)   The undisputed evidence on the record shows that with the advice of General Counsel of its parent union, AFSCME, in June 1994, the M.A.F. Trustees expressly authorized The Hewitt Company to invest its funds.

(13)   The undisputed evidence on the record shows that at the time the M.A.F. Trustees retained The Hewitt Company, Albert Hewitt, its principal, had been recommended by other similarly situated organizations in the State of Hawaii.

(14)   The undisputed evidence on the record shows that up to November 1998, The Hewitt Company's investments generated substantial benefits/value to the M.A.F. and the U.P.W.

(15)   It is undisputed that all of the M.A.F. investments in Best Rescue Systems, Inc. from November 1998 to December 1999 were recommended by and made through Albert Hewitt, The Hewitt Company.

(16)   It is also undisputed that the UPW Pension Fund invested a similar amount in Best Rescue Systems, Inc. through Albert Hewitt, The Hewitt

Company.

(17)  Substantial evidence was adduced on the record showing that the M.A.F. Trustees were consulted regarding the investments with Best Rescue Systems, Inc. and approved of these investments which amounted to approximately 1.1 million dollars.

(18)  There was no evidence showing that Defendant "controlled" the M.A.F. Trustees in connection with the investments herein.

(19)  There was no evidence showing that Defendant had any knowledge of any impropriety/conflict of interest on the part of The Hewitt Company, and/or its principal, Albert Hewitt in connection with the investments herein at the time the investments were made.

(20)  There was no evidence presented showing that the M.A.F. investments in Best Rescue Systems, Inc. were improper or otherwise imprudent at the time they were authorized, or that anyone involved with the M.A.F. or the UPW would have acted any differently under the circumstances known to them at the time.

(21)  The undisputed evidence also shows that upon being notified by AFSCME General Counsel of Albert Hewitt's conflict of interest in connection with the investments with Best Rescue Systems, Inc., Defendant immediately

demanded the return of all M.A.F. investments, including the investments with Best Rescue Systems, Inc., and authorized AFSCME to designate counsel for the M.A.F. for the purpose of initiating legal action to obtain full recovery of the M.A.F.'s investments in Best Rescue Systems, Inc.

(22)    It is undisputed that the M.A.F. subsequently settled their claims against those involved in the Best Rescue Systems, Inc. investments for less than 20% of the actual investments.

(23)    The Court finds that it is not clear that this action falls within this Court's federal question jurisdiction under 28 U.S.C.S. §1331.

(24)    The Court finds that Plaintiff has failed to establish that Defendant acted as a "fiduciary" in connection with the investments in Best Rescue Systems, Inc. pursuant to pursuant to 29 U.S.C. §1002(21)(A).

(25)    The Court finds that any losses sustained by the M.A.F. as a result of the investments in Best Rescue Systems, Inc. were not the proximate result of any conduct of Defendant.

(26)    The Court finds that any and all losses attributable to breaches of fiduciary duties under ERISA, if any, were proximately caused by M.A.F.'s "named fiduciaries/trustees" at the time and/or its duly appointed investment advisorAlbert Hewitt, and not Defendant.

(27) The Court finds that Plaintiff failed to mitigate its damages by entering into a settlement of its prior litigation for much less than could have been obtained if the litigation had proceeded to trial.

(28) The Court therefore enters judgment in favor of Defendant and against Plaintiff.

(29) The Court also awards Defendant his attorneys fees and costs in an amount to be determined upon application to the Court.

DATED:   Honolulu, Hawai'i, _____, 2008.


_____
JUDGE OF THE ABOVE ENTITLED COURT


APPROVED AS TO FORM AND CONTENT:


_____
JAMES T. KOSHIBA, ESQ.
CHARLES A. PRICE, ESQ.
Attorney for Plaintiff
Steven DeCosta



STEVEN DE COSTA, ET AL. v. GARY W. RODRIGUES, CIVIL NO. 03-00598 DAE/LEK, DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served this date by hand-delivery to the following at the address listed below:

> JAMES E.T. KOSHIBA, ESQ.
> CHARLES A. PRICE, ESQ.
> KOSHIBA, AGENA & KUBOTA
> 2600 Pauahi Tower
> 1003 Bishop Street
> Honolulu, Hawaii 96813
> Email: cprice@koshibalaw.com

Dated: Honolulu, Hawaii, __February 22, 2008__.

_____
LAWRENCE I. KAWASAKI