IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STEVEN DE COSTA, IN HIS REPRESENTATIVE CAPACITY AS CHAIRPERSON OF THE BOARD OF TRUSTEES OF UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, MUTUAL AID TRUST FUND, REAL PARTY IN INTEREST UNITED PUBLIC WORKERS UNION, AFSCME, LOCAL 646, AFL-CIO, | ) ) ) ) ) ) ) ) ) ) ) | CV. NO. 03-00598 DAE-LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GARY W. RODRIGUES, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
OF FINDINGS OF FACT AND CONCLUSIONS OF LAW
<u>FILED MARCH 20, 2008; AND FOR NEW TRIAL</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After reviewing Defendant's motion and the

supporting and opposing memoranda, the Court DENIES Defendant's Motion for


Reconsideration of Findings of Fact and Conclusions of Law filed March 20, 2008, and for a New Trial.

## BACKGROUND

On October 31, 2003, Plaintiffs filed suit against Defendant for the alleged breach of his fiduciary duties under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 101 et seq ("ERISA").  On March 28, 2007, Defendant moved for summary judgment on Plaintiffs' claims, but the motion was denied.  On October 24, 2007, Defendant renewed his motion for summary judgment, but the motion again was denied.  The case proceeded to a bench trial.  Following a three-day bench trial on February 29, March 6 and 7, 2008, this Court issued its findings of fact and conclusions of law.  The Court determined that Defendant breached his fiduciary duties with respect to five loans, totaling $850,000, and held Defendant liable in this amount to Plaintiffs.

On March 31, 2008, Defendant filed a motion for reconsideration of the Court's Findings of Fact and Conclusions of Law filed March 20, 2008, and for a new trial.  On April 11, 2008, Plaintiffs filed an opposition to Defendant's motion.  Defendant did not file a reply brief.

STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court. Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982). This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded. Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Carnell, 872 F. Supp. at 758. Mere disagreement with a previous order is an insufficient basis for reconsideration and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). Three predominant grounds justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988); see also Carnell, 872 F. Supp. at 758-59.

The District of Hawaii has implemented the federal standards in Local Rule 60.1, which explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact. Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003).

## DISCUSSION

Defendant contends that this Court's Findings of Fact and Conclusions of Law contain manifest errors of law and the evidence adduced at trial is insufficient to determine Plaintiffs' entitled damages.

    A.    <u>Defendant argues that the evidence was insufficient to determine Plaintiffs' damages</u>

Defendant argues that this Court erred when it held Defendant liable for the $850,000 in loans remitted to Best Rescue because the evidence at trial does not support Defendant's liability. Defendant, as the argument goes, had no reason to believe that any of the investments he recommended in Best Rescue were imprudent. Best Rescue made interest payments to the Mutual Fund ("MFA") pursuant to the terms of their agreement, and reports from Al Hewitt, MFA's investment advisor, indicated that Best Rescue was thriving. Defendant asserts that the evidence simply does not support the conclusion that Defendant

should have known when he recommended Best Rescue that it was an imprudent investment. Additionally, Defendant argues that no expert testimony was presented at trial to set an applicable standard of care for Defendant's reliance on Hewitt's representations as to the advisability of investing in Best Rescue.

These arguments lack merit. This court considered each of these issues and found that they were insufficient to overcome the fact that serious red flags were raised by the time Defendant agreed to the second loan. Those red flags made it clearly imprudent for Defendant to continue to blindly rely on Al Hewitt, without questioning him or doing independent research.

This Court did, however, find that because Al Hewitt was involved and Defendant had no reason to doubt him initially, Defendant was not liable for the first loan of $250,000. Certainly, the mere fact that Best Rescue had made some, relatively small, interest payments over a period of time does not give Defendant, as a fiduciary of a known ERISA plan, free license to ignore the obvious red flags.

B. <u>Defendant is entitled to indemnification from principals</u>

Defendant argues that this Court erred as a matter of law in failing to determine that Defendant is entitled to indemnification from his principals in this action. Citing to the Restatement of Agency, Defendant indicates that he, as an

agent, is entitled to indemnification from his principals under agency law. Defendant extends this argument to ERISA. Because ERISA permits the fiduciary to bring a civil action for equitable remedies and indemnification is an equitable remedy, Defendant argues that he is therefore legally entitled to seek indemnification from his principals, the MAF and UPW, for liability stemming from the investments made in Best Rescue as these occurred within the scope of his duties.

As noted previously by this Court, although Defendant argued on several occasions that some of the MAF Trustees were indispensable parties, Defendant never made a motion to join such parties to the instant lawsuit or explain the basis for his argument. Neither did Defendant make counterclaims for indemnification against the Plaintiffs or attempt to bring a separate lawsuit for indemnification.

Accordingly, this Court did not err by finding that Defendant was not entitled to indemnification by the MAF Trustees.

### C. Defendant argues that he is entitled to a $200,000 deduction

Defendant argues that he is entitled to a $200,000 reduction in damages because Plaintiffs failed to mitigate damages. As Defendant asserts, Plaintiffs could have recovered their claimed damages from Al Hewitt, but a

settlement was reached instead. Apart from unsupported claims, as Defendant argues, no evidence was adduced at trial that indicates that the settlement was reasonable. Defendant further argues that if there is no evidence supporting the reasonableness of the settlement, then Plaintiffs have failed by way of the settlement to demonstrate that they have mitigated their damages. This Court, as Defendant states, should therefore credit the $200,000 obtained from Hewitt's insurer towards Defendant's liability.

This Court disagrees. Plaintiffs presented sufficient evidence at trial to establish by a preponderance of the evidence that they mitigated their damages. Plaintiffs attempted to obtain their entire loss from Hewitt. Hewitt, however, had filed for bankruptcy and his insurer was denying coverage because Hewitt had been convicted of crime for the Best Rescue loans. Accordingly, Defendant is not entitled to have his liability reduced by the amount recovered from Hewitt's insurer. This Court notes that this decision will not result in a windfall to Plaintiffs as their entire loss totaled $1.1 million, and Defendant was found liable for only $850,000.

CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion for Reconsideration of Findings of Fact and Conclusions of Law Filed March 20, 2008; and for New Trial.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 2, 2008.



David Alan Ezra
United States District Judge

Steven De Costa, et al. vs. Gary W. Rodrigues, CV No. 03-00598 DAE-LEK; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF FINDINGS OF FACT AND CONCLUSIONS OF LAW FILED MARCH 20, 2008; AND FOR NEW TRIAL.