IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STEVEN DECOSTA IN HIS REPRESENTATIVE CAPACITY AS CHAIRPERSON OF THE BOARD OF TRUSTEES OF UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, | ) ) ) ) ) ) | CIVIL NO. 03-00598 DAE-LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GARY RODRIGUES, | ) ) | |
| Defendant. | ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFFS'
MOTION FOR PRE-JUDGEMENT INTEREST, ATTORNEY'S FEES, AND COSTS**

Before the Court, pursuant to a designation by United States District Judge David Alan Ezra, is Plaintiff Steven DeCosta in His Representative Capacity as Chairperson of the Board of Trustees of United Public Workers, AFSCME, Local 646, AFL-CIO, Mutual Aid Fund Trust, Real Party in Interest United Public Workers, AFSCME, Local 646, AFL-CIO's ("collectively Plaintiffs") Motion for (1) Pre-Judgement Interest, (2) Attorney's Fees, and (3) Costs ("Motion"), filed on May 16, 2008.  Plaintiffs request an award of $94,707.20 in pre-judgment interest, $72,540.46 in attorneys' fees and taxes, and $4,491.22 in costs.  Defendant Gary Rodrigues ("Defendant") filed his Memorandum in Opposition to Plaintiffs' Motion For Pre-Judgement Interest, Attorney's Fees, and Costs ("Memorandum in

Opposition"), on May 23, 2008.  This Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practices of the United States District Court for the District of Hawaii ("Local Rules").  After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART and DENIED IN PART.  The Court recommends that the district judge AWARD Plaintiffs $50,632.07 in pre-judgment interest, $72,093.17 in attorneys' fees, and DENY Plaintiffs' request for costs WITHOUT PREJUDICE.

## BACKGROUND

The instant case arises from a breach of fiduciary duty and imprudent investment decisions.  Plaintiffs brought the instant action pursuant to Sections 1104(a)(1)(A), 1105, and 1106(a)(1)(D) of the Employee Retirement Income Security Act of 1974 ("ERISA").  [Mem. in Supp. of Motion at 3-4; Findings of Fact and Conclusions of Law ("FOF/COL"), filed March 20, 2008, at ¶¶ 49-50.]  United Public Workers Mutual Aid Fund Trust ("MAF"), an ERISA-governed voluntary employee welfare benefit plan, provides hospitalization benefits for its participants.  [FOF/COL at ¶ 2.]  Defendant served as MAF's plan administrator from 1984 to 2002.  [Id. at ¶ 11.]

In 1998, Albert Hewitt ("Hewitt") who served as MAF's investment advisor, recommended to Defendant that MAF invest in

Best Rescue Systems, Inc. ("Best Rescue"), a new company developing a product to rescue people from high-rise buildings. Defendant failed to conduct a diligent inquiry about Best Rescue, and relied solely on Hewitt's recommendation. [Id. at ¶¶ 16, 20.]

In November 1998, MAF made a $250,000 loan to Best Rescue, accompanied by a Security Agreement signed by Defendant, which failed to list the company's collateral in any detail. [Id. at ¶¶ 21-23.] Between February and December 1999, without additional collateral, MAF loaned Best Rescue an additional $850,000. [Id. at ¶¶ 29, 33, 36, 37, 39.] Defendant signed the security agreement which covered all of the loans and approved the promissory notes for a total of six loans, but did not show any of them to MAF's Board of Trustees ("the Board"). [Id. at ¶ 72.] In fact, although Defendant recommended investing in Best Rescue, the Board's meeting minutes do not contain any evidence indicating motions made, seconded, or carried out regarding MAF's loans to Best Rescue. [Id. at ¶¶ 31, 34, 35.]

In December 1999, AFSCME conducted an audit and recommended that Defendant demand repayment of the loans because all but one were in default. Subsequently, Defendant requested in writing that Best Rescue return all of MAF's investments, including interest. [Id. at ¶ 40.] Best Rescue filed for bankruptcy and MAF was unable to obtain any money from them

thereafter.  [Id. at ¶ 43.]

Hewitt was convicted of federal felony charges in connection with these loans, and Defendant was convicted of money laundering, embezzlement, and mail fraud in connection with other MAF sponsored plans.  [Id. at ¶¶ 44, 48.]  Following a bench trial held on February 29, March 6 and 7, 2008, the district judge ruled that Defendant breached his fiduciary duties and made imprudent investment decisions with respect to five of the six loans he was responsible for.  On March 31, 2008, the district judge issued his amendment to the FOF/COL, which amended paragraph 126 to provide for judgment in favor of Plaintiffs and against Defendant in the amount of $850,000.  [Mem. in Supp. of Motion at 4.]  In his FOF/COL, the district judge ruled that Plaintiffs are entitled to pre-judgment interest, and reasonable attorneys' fees and costs.  [FOF/COL at ¶ 127.]  On March 31, 2008, judgment was entered in favor of Plaintiffs.

In the instant Motion, Plaintiffs argue that they are entitled to pre-judgment interest in the amount of $94,707.20.  Plaintiffs argue that the weekly average one-year constant maturity Treasury yield for the week of March 24, 2008 (the week preceding the entry of judgment on March 31, 2008) was 1.35%, thus translating to a daily interest rate of 0.0036935% (0.0135 ÷ 365.5), or $31.36 per day ($850,000 x 0.000036935).  [Id. at 6.]  Plaintiffs contend that the pre-judgment interest should accrue

4

from December 15, 1999, when Defendant requested a return of the Best Rescue loans because he knew of the exact sum due at that time. [Id. at 7.] Plaintiffs argue that pre-judgment interest accrued for a total of 3,029 days (from December 15, 1999 to March 31, 2008), and therefore $94,707.20 ($31.36 x 3020 days) in pre-judgment interest should be added to the principle amount of $850,000. [Id.]

Based upon the district judge's FOF/COL, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs. Plaintiffs seek an award of $72,540.46 in attorneys' fees and $4,491.22 in costs, based on five factors that courts consider in determining whether a party is entitled to attorneys' fees pursuant to 29 U.S.C. § 1132(g): (1) Defendant used his leadership position to control, manage, and make investment decisions for MAF and did so without conducting proper investigation, thereby breaching his fiduciary duties; (2) Defendant owns or has a beneficial interest in at least two real properties of value; (3) MAF is still existent and an award of attorneys' fees and costs will deter board members from breaching their fiduciary duties to MAF and its beneficiaries; (4) Plaintiffs brought the lawsuit on behalf of the participating beneficiaries to recoup the funds that Defendant caused to be improperly invested; and (5) Plaintiffs are the prevailing party in this case. [Id. at 8-9.]

In his Memorandum in Opposition, Defendant objects on multiple grounds to Plaintiffs claimed fees and costs. Defendant argues that he was not responsible for the loss of MAF's money. In addition, Defendant argues that it was MAF's trustees and officers who were responsible for the improper investments, and at most, Defendant was negligent. [Mem. in Opp. at 2.] Defendant contends that, because he could not have ascertained his potential liability and the amount of any such liability prior to the actual trial and the FOF/COL, pre-judgment interest is inappropriate. Thus, Defendant argues, back dating any obligation to pay a judgment that was not foreseeable would be inequitable and unjustified. [Id. at 3.]

## DISCUSSION

### I. Pre-Judgment Interest

Pursuant to the district judge's FOF/COL, the Court does not need to address Plaintiffs' entitlement to pre-judgment interest. The Court need only determine the amount of the pre-judgment interest award. Courts can calculate the pre-judgment interest rate pursuant to 28 U.S.C. § 1961. See W. Pac. Fisheries, Inc. v. SS President Grant, 730 F.2d 1280, 1289 (9th Cir. 1984). Section 1961(a) provides that:

> Interest shall be allowed on any money judgment in
> a civil case recovered in a district court. . . .
> Such interest shall be calculated from the date of
> the entry of the judgment, at a rate equal to the
> weekly average 1-year constant maturity Treasury
> yield, as published by the Board of Governors of

>      the Federal Reserve System, for the calendar week
>      preceding[] the date of the judgment.

28 U.S.C. § 1961(a).  In this case, judgment was entered on March 31, 2008.  Plaintiffs submitted supporting documents, setting forth the weekly average one-year constant maturity Treasury yield of 1.35%.  [Motion, Decl. of Charles A. Price ("Price Decl."), Exh. A at 2.]  Thus, 1.35%, or 0.0135, divided by 365 equals the daily percentage rate of 0.00003698630137.[1]  Multiplying the $850,000 judgment against Defendant by .0000003698630137 (0.00003698630137%), equals the cost in interest per day, which is $31.44.

      Section 1961(b) provides that "[i]nterest shall be computed daily to the date of payment. . . ."  "The purpose of awarding prejudgment interest is to compensate the plaintiffs for being deprived of the monetary value of their loss from the time of the loss to the time of judgment."  Ward v. Am. Hawaii Cruises, Inc., 719 F. Supp. 915, 926 (D. Haw. 1988) (citation omitted).  For example, the earliest commencement date in cases arising in tort might be the date when the injury first occurred, and in cases arising from a breach of contract, it may be the date when the breach first occurred.  See Brown v. Hyatt Corp., 128 F. Supp. 2d 697, 702 (D. Haw. 2000) (applying state pre-

---

[1] The Court determines the daily percentage rate using 365 (days per year) instead of 365.5 as argued by Plaintiffs.  See Madeja v. Olympic Packer, LLC, 155 F. Supp. 2d 1183, 1199 (D. Haw. 2001).

judgment interest statute). In Ward, the court found that the appropriate date to begin accruing pre-judgment interest was the date the plaintiffs filed their complaint. See Ward, 719 F. Supp. at 926.

Under the facts of this case, this Court finds that interest began to accrue from the time Plaintiffs' filed their complaint against Defendant on October 31, 2003. Thus, with daily interest of $31.44 per day, and 1,613 days passing between October 31, 2003 and the entry of judgment on March 31, 2008, pre-judgment interest amounts to $50,712.72. This Court therefore RECOMMENDS that the district judge GRANT IN PART and DENY IN PART Plaintiffs' request for pre-judgment interest. The Court RECOMMENDS that the district judge award Plaintiffs $50,712.72 in pre-judgment interest.

**II.  Compliance With Local Rules**

With regard to Plaintiffs' request for attorneys' fees, the Court notes that Plaintiffs did not provide an itemization of counsel's work in this case organized by litigation phase, as required in Local Rule 54.3(d)(1). This Court does not condone Plaintiffs' failure to follow the Local Rules in this regard. The Court could deny Plaintiffs' request for attorneys' fees without prejudice and require Plaintiffs to re-file it in a form that complies with the Local Rules, but the Court declines to do so in this case. The Court finds that the itemization of

counsel's work provided in Exhibit B is sufficient for this Court to determine whether the number of hours spent on this case was reasonable.  The Court, however, cautions counsel that any future requests for attorneys' fees in this and other cases must include an itemization of work performed according to the requirements of Local Rule 54.3(d)(1).

With regard to Plaintiffs' request for costs, the Court notes that, because Plaintiffs did not include any supporting documentation for the requested costs, the Court is unable to determine whether the costs were reasonably and necessarily incurred in this case.  The Court therefore FINDS at this time that Plaintiffs' costs are not compensable.  The Court, however, will allow Plaintiffs to submit further declarations and/or supporting documentation justifying counsel's costs.

**III. Entitlement to Attorneys' Fees and Calculation of Award**

The district judge's FOF/COL determined that Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1), which provides: "In any action . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1) (emphasis added).  The instant lawsuit was brought on behalf of MAF's participating beneficiaries in order to recover funds that Defendant improperly invested.  [Mem. in Supp. of Motion at 9.]

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567

(1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Plaintiffs request the following lodestar amount for work counsel performed in this case:

| TIMEKEEPER | HOURS | RATE | TOTAL |
|---|---|---|---|
| James E.T. Koshiba | 15.20 | $250 | $ 3,800.00 |
| Charles A. Price | 62.70 | $175 | $10,972.50 |
| Charles A. Price | 253.90 | $200 | $50,780.00 |
| Andrew D. Stewart | 21.80 | $175 | $ 3,815.00 |
| | | Subtotal | $69,367.50 |
| | | Hawaii State Tax | $ 3,172.96 |
| | | **TOTAL REQUESTED LODESTAR** | **$72,540.46** |

[Exh. B to Price Decl.]  Mr. Koshiba has been licensed to practice law in the State of Hawaii since 1968.  Mr. Price has been licensed to practice law in the State of Hawaii since 1989.  Mr. Stewart is an associate who was admitted to the State of Hawaii Bar in 2002.  [Price Decl. at ¶¶ 2-4.]

11

**A.    Reasonable Hourly Rate**

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

Although Plaintiffs were required to submit additional evidence that the rates counsel charged are reasonable, see Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987), this Court is well aware of the prevailing rates in the community. Further, Defendant did not raise objections to the requested hourly rates.

Based on this Court's knowledge of the prevailing rates in the community, this Court finds that the requested hourly rates of $250 for Mr. Koshiba, $175 and $200 for Mr. Price,[2] and $175 for Mr. Stewart are manifestly reasonable.

---

[2] Between October 31, 2003 and May 31, 2006, Mr. Price's hourly rate for the services billed in this case was $175. From June 1, 2006 to the present, Mr. Price's hourly rate has been $200. [Price Decl. at ¶ 2.]

12

### B.    Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See Tirona, 821 F. Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

The Court notes that clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate.  See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003).  Plaintiffs' request includes time spent on tasks such as sending transmittals and making telephone calls to secretaries and to staff with the Clerk's Office.  The Court finds that these tasks are clerical in

nature and will deduct 0.6 hours from Mr. Koshiba's time and 1.5 hours from Mr. Price's pre-June 2006 time. The Court finds that the remainder of counsel's time was reasonable and necessary in this case.

### C. Total Lodestar Award

Based on the foregoing, this Court finds that Plaintiffs have established the appropriateness of an award of attorneys' fees as follows:

| TIMEKEEPER | HOURS | RATE | LODESTAR |
|---|---|---|---|
| James E.T. Koshiba | 14.60 | $250 | $ 3,650.00 |
| Charles A. Price | 61.70 | $175 | $10,797.50 |
| Charles A. Price | 253.40 | $200 | $50,680.00 |
| Andrew D. Stewart | 21.80 | $175 | $ 3,815.00 |
| | | Subtotal | $68,942.50 |
| | | Hawaii State Tax[3] | $ 3,150.67 |
| **TOTAL LODESTAR AWARD** | | | **$72,093.17** |

The Court declines to adjust the award based on the remaining <u>Kerr</u> factors.

### CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiffs' Motion for Award of Pre-Judgment Interest, Attorney's Fees and Costs be

---

[3] Plaintiffs' fee request is based on a general excise tax rate of approximately 4.57%. This Court applied the same rate in calculating the recommended award.

GRANTED IN PART and DENIED IN PART.  The Court recommends that the district judge AWARD Plaintiffs $50,712.72 in pre-judgment interest and $72,093.17 in attorneys' fees.  The Court grants Plaintiffs leave to file supplemental documentation in support of their request for costs by **August 18, 2008**.

       IT IS SO FOUND AND RECOMMENDED.

       DATED AT HONOLULU, HAWAII, August 8, 2008.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States Magistrate Judge

**STEVEN DECOSTA, ETC., ET AL V. GARY RODRIGUES; CIVIL NO. 03-00598 DAE-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFFS' MOTION FOR PRE-JUDGMENT INTEREST, ATTORNEY'S FEES, AND COSTS**