IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STEVEN DECOSTA IN HIS REPRESENTATIVE CAPACITY AS CHAIRPERSON OF THE BOARD OF TRUSTEES OF UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO, | ) ) ) ) ) ) ) | CIVIL NO. 03-00598 DAE-LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GARY RODRIGUES, | ) ) | |
| Defendant. | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS'
MOTION FOR ORDER RE: FIRST HAWAIIAN BANK GARNISHMENT**

Before the Court is Plaintiffs Steven DeCosta in His Representative Capacity as Chairperson of the Board of Trustees of United Public Workers, AFSCME, Local 646, AFL-CIO, Mutual Aid Trust Fund, Real Party in Interest and United Public Workers, AFSCME, Local 646, AFL-CIO, Mutual Aid Trust Fund's (collectively, "Plaintiffs") Motion for Order Re: First Hawaiian Bank Garnishment ("Motion"), filed on August 28, 2009. Defendant Gary Rodrigues ("Defendant") filed his memorandum in opposition on September 10, 2009 and Plaintiffs filed their reply on September 18, 2009. This matter came on for hearing on September 30, 2009. Appearing on behalf of Plaintiffs was Charles Price, Esq. and appearing on behalf of Defendant was Eric Seitz, Esq. After careful consideration of the Motion,

supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is HEREBY GRANTED for the reasons set forth below.

## **Background**

The factual background of this case is set forth fully in the Findings of Facts and Conclusions of Law, as amended ("FOF"), filed on March 20, 2008.  The Court does not repeat the same here except as is relevant to the instant Motion.

Plaintiffs brought the instant action pursuant to Sections 1104(a)(1)(A), 1105, and 1106(a)(1)(D) of the Employee Retirement Income Security Act of 1974 ("ERISA").  United Public Workers Mutual Aid Trust Fund ("MAF"), an ERISA-governed voluntary employee welfare benefit plan, provides hospitalization benefits for its participants.  Defendant Gary Rodrigues ("Defendant") served as MAF's plan administrator from 1984 to 2002.  The Complaint, filed on October 31, 2003, alleged that Defendant breached his fiduciary duties under the ERISA by making six loans to Best Rescue Systems between November 24, 1998, and November 22, 1999, for a total of $1.1 million.

Following a bench trial held in this action on February 29, March 6 and 7, 2008, the district judge ruled that Defendant breached his fiduciary duties and made imprudent investment decisions with respect to five of the six loans he was responsible for.  On March 31, 2008, judgment was entered in

favor of Plaintiffs and against Defendant in the amount of $850,000.  The Ninth Circuit affirmed the judgment against Defendant on May 28, 2009.

Also on May 28, 2009, the district court entered its Order for Issuance of Garnishee Summons upon First Hawaiian Bank ("FHB").  FHB filed its Disclosure on June 22, 2009, disclosing that it holds: (1) Checking Account No. 01-466917 at main Banking Center under the name of Gary W. Rodrigues/Tani G. Olaso Rodrigues in the sum of $2,675.30; (2) Individual Retirement Savings Account No. 01-625240 under the name of Gary W. Rodrigues in the sum of $511,786.97 ("IRA Account"); and (3) Safe Deposit Box No. 49-DA-1165 at Kalihi Branch under the name of Gary W. Rodrigues/Tani G. Olaso Rodrigues.  [Motion, Exh. A (Disclosure of First Hawaiian Bank, filed June 22, 2009).]

With respect to the IRA Account, FHB notes in the Disclosure that the IRA Account was established in July 29, 2004 with a single and only contribution in the amount of $428,103.63.  [Id.]  FHB further notes that $428,103.63 in the IRA Account has been set aside pursuant to the Order Granting the Government's Motion to Disburse Funds to Satisfy Fines and Restitution dated September 28, 2008, and entered in <u>United States v. Gary Rodrigues</u>, CR No. 01-00078-01 DAE ("Disbursement Order").[1]  [Id.]

---

[1] Defendant was convicted of money laundering, embezzlement, and mail fraud in connection with his administration of MAF plans (the "Criminal Action").  [FOF ¶¶ 44, 48.]  In addition to his

FHB also contends that it is uncertain as to what portion, if any, is subject to garnishment due to the provision of Hawaii Revised Statues § 651-124.  [Id.]  FHB therefore states that it will not pay Plaintiffs, or their attorney, any of the withheld funds in the IRA Account unless the garnishment order specifically directs it to do so.  [Id.]

In the instant Motion, Plaintiffs argue first that it is well settled that a joint bank account is not immune by a judgment creditor of one the joint account holders.  Therefore, the monies in the FHB Checking Account No. 01-466917 should be paid to Plaintiffs and the contents in FHB Safety Deposit Box No. 49-DA-1165 should also be turned over to Plaintiffs.

Regarding the amounts held in the IRA Account, Plaintiffs contend that such account has been mislabeled and it is not truly an IRA or retirement account but instead was an "escrow/bond" pending Defendant's appeal in the Criminal Action. Plaintiffs acknowledge that the original source of the IRA

---

conviction, Defendant was ordered to pay a fine and restitution. [Motion, Exh. B (Disbursement Order").]  In 2004, Defendant entered into a stipulation, proposed by him, to place $428,103.63 into an IRA account at FHB in his name to be disbursed to the Clerk of the Court to apply to the fine and restitution as ordered by the Court.  [Id.]  Pursuant to that stipulation, those monies were "rolled over" into the IRA Account from Defendant's United Workers Union pension fund account.  [Declaration of Vernon Nakamura ¶ 2, filed September 25, 2009 (dkt. no. 160).] FHB was advised that the monies in the IRA Account were to be applied to restitution and fines owed by Defendant in the Criminal Action.  [Id. ¶ 3.]

Account funds were from a previous retirement account but argue that those original funds lost their IRA or "retirement" character once they were used to create the criminal restitution account.  Therefore, regardless of how FHB may have misidentified or mislabeled such account, it does not enjoy any special IRA or retirement account exemption or protection, and the excess funds over and above the amounts required to be disbursed pursuant to the Disbursement Order are properly subject to garnishment in this case.

In his opposition, Defendant argues that requiring FHB to turn over the excess funds to Plaintiffs pursuant to a garnishee summons and order is barred under Hawaii Revised Statutes § 651-124.[2]  Section 651-124 exempts from attachment, execution or seizure, the rights of a debtor to a pension, annuity, retirement or disability allowance under certain retirement plans described under the Internal Revenue Code. Plaintiffs note that the legislative history of section 651-24 reveals that the law was enacted to "exempt retirement plan assets as described under [ERISA] from attachment, execution, seizure, the bankruptcy or insolvency laws or other legal process."  [Mem. in Opp. at 3, Exh. A.]  Plaintiffs assert that it is undisputed that the funds in the IRA Account are retirement

---

[2] Defendant does not object to the Motion as it relates to FHB Checking Account No. 01-466917 or FHB Safety Deposit Box No. 49-DA-1165.

5

plan assets from a previous retirement account and thus plainly constitute retirement plan assets and or a fund created thereby which are exempt from the seizure sought in this case.

Defendant also argues that the Plaintiffs are unable to avail themselves of the exception set forth in section 651-124(2), which excepts from exemption contributions to a retirement plan made within the three years before the date a civil action is initiated against the debtor.  The IRA Account was established and the only contribution made was on July 29, 2004.  This civil action was initiated on October 23, 2003.  Thus, since the only contribution made by Defendant was <u>after</u> October 23, 2003, Plaintiffs' claim falls outside of the reach of the exception set forth in subsection (2).  Defendant further argues that the IRA Account was established for the sole purpose of paying fines and restitution in the Criminal Action and was not established or maintained by an employer or by an employee organization and therefore the exception in section 651-124(2) is inapplicable.

In reply, Plaintiffs reiterate their argument that the monies held in the FHB IRA Account are not for the purposes stated in section 651-124, i.e., "retirement" or "pension" purposes, but instead to pay criminal restitution and fine amounts ordered in the Criminal Action.  The funds lost their IRA or "retirement" character once they were removed from the

previous retirement account and placed into the IRA Account established to pay the criminal restitution and fines. [Reply Memo. at 3 (citing In Re Roberts, 326 B.R. 424 (Bankr. S.D. 2004) (pledge of funds in an IRA account constitutes distribution and the funds are no longer considered IRA funds or exempt); In Re Hughes, 293 B.R. 528 (Bankr. M.D. Fla. 2003) (debtor's removal of funds from his IRA account disqualified the account as an exempt IRA account)).] Further, although Plaintiffs do not concede that section 651-124 is applicable to the IRA Account, they disagree that the exception for contributions made within the three years prior to the initiation of a civil action would apply here. Plaintiffs argue that it would be illogical to preclude a debtor from protecting contributions in the three years prior to being sued on a debt but not after being sued.

## **DISCUSSION**

Section 651-124 of the Hawaii Revised Statutes exempts from garnishment certain retirement benefits. Specifically, section 651-124 provides, in relevant part, that:

> The right of a debtor to a pension, annuity, retirement or disability allowance, death benefit, any optional benefit, or any other right accrued or accruing under any retirement plan or arrangement described in section 401(a), 401(k), 403(a), 403(b), 408, 408A, 409 (as in effect prior to January 1, 1984), 414(d), or 414(e) of the Internal Revenue Code of 1986, as amended, or any fund created by the plan or arrangement, shall be exempt from attachment, execution, seizure, the operation of bankruptcy or insolvency laws under 11 United States Code section 522(b), or under any

>           legal process whatsoever. . . .

Haw Rev. Stat. § 651-124.  Defendant argues that the monies contained in the IRA Account, in excess of the amounts reserved for restitution and fines owed in the Criminal Action, are exempt from garnishment because they constitute "retirement plan assets" from a previous retirement account.

In order to fully analyze Defendant's argument, the Court looks to the genesis of the IRA Account.  In the Criminal Action, Defendant's UPW pension account, among other accounts, held by FHB, was the subject of a garnishment action by the government in connection with payment of the restitution and fines ordered against him.  [<u>United States v. Rodrigues</u>, Cr. No. 01-78 DAE, Government's Response to Defendant Gary Rodrigues's Objection to Proposed Garnishee Order Lodged March 10, 2004, filed April 23, 2004 (dkt. no. 298).]  Defendant apparently disputed that his pension account was subject to garnishment and also expressed concern that the garnishment would constitute a "taxable event".  [<u>Id.</u>]  Ultimately, the government and Defendant entered into a stipulation ("Stipulation") whereby they agreed to the following:

>           IT IS HEREBY STIPULATED AND AGREED, by and between
>           the parties hereto, through their respective
>           undersigned attorneys, that the First Hawaiian
>           Bank, as depository for pension funds for
>           Defendant Gary W. Rodrigues, shall be instructed
>           immediately upon receipt of this Stipulation and
>           Order to establish two separate IRA accounts in
>           the name of Gary W. Rodrigues and deposit the sum

>           of $428,103.63 into one of the two accounts to be
>           held thereafter by First Hawaiian Bank and be
>           dispersed, with accrued interest thereupon, at
>           such time as the Court shall order, only to the
>           Clerk of the United States District Court and
>           thereupon applied to the fines and restitution
>           ordered herein.

[Id., Stipulation Re Garnishment of Funds and Order, filed June 23, 2004 (dkt. no. 302).]  Pursuant to the Stipulation, FHB placed $428,103.61 in the IRA Account.  Since then, the IRA Account has grown to $511,786.97 as of June 22, 2009.

Based on the above, the Court finds that the gains realized in the IRA Account above and beyond the original $428,103.63 are not protected under Hawaii Revised Statutes § 651-124.[3]  The Court agrees with Plaintiffs that, despite how the account has been labeled, i.e., IRA, the funds from Defendant's pension fund lost their character as "retirement plan assets" when they were placed into a separate account for the sole purpose of paying restitution and fines in the Criminal Action. Moreover, the plain language of the Stipulation specifically indicates that the payment of the restitution and fines was to come from both the original $428,103.61 and the "accrued interest thereupon."[4]  Therefore, any gains or interest that accrued in

---

[3] On September 16, 2008, the district judge in the Criminal Action ordered the disbursement of $378,103.63 to the victim union, UPW, and $50,000 to the Clerk of this Court. [Motion, Exh. B.]

[4] The Court notes that it may be arguable whether Plaintiffs would be entitled to the "accrued interest" on the original

9

the IRA Account, above and beyond the original funded amount, are not exempt from garnishment.

The Court also finds that the IRA Account is not exempt from garnishment as an "individual retirement account" under 26 U.S.C. § 408(a).  Section 408(a) defines the term "individual retirement account" as a trust created or organized "for the exclusive benefit of an individual or his beneficiaries."  26 U.S.C. § 408(a).  This was not the case here.  As discussed above, and as is undisputed, the IRA Account was established for the sole purpose of paying restitution and fines in the Criminal Action.  In other words, the intended beneficiaries of the IRA Account are the government and UPW, and not Defendant.  Accordingly, the exemption from garnishment afforded under Hawaii Revised Statutes § 651-124 is not applicable to the IRA Account.

### CONCLUSION

On the basis of the foregoing, the Court FINDS AND RECOMMENDS that the district court grant Plaintiffs' Motion for Order Re: First Hawaiian Bank Garnishment, filed on August 28, 2009.

IT IS SO ORDERED.

---

$428,103.61 pursuant to the Stipulation.  The Court, however, need not address that here as it has not been raised by the parties and would in any event be a matter decided by the trial judge in the Criminal Action.

DATED AT HONOLULU, HAWAII, October 21, 2009.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**STEVEN DE COSTA, ETC., ET AL. V. GARY RODRIGUES; CIVIL NO 03-00598 DAE-LEK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ORDER RE: FIRST HAWAIIAN BANK GARNISHMENT**